## STEWART & COMPANY *v.* EXUM.

1. In an action for a breach of contract of employment, where one of the defendants had testified directly that the contract with the plaintiff was in writing contained in a letter written and mailed to the plaintiff, but which the latter denied receiving, contending that the contract was in parol, it was immaterial whether the witness had made contracts with others for similar services by parol, or not; and there was no error in excluding a statement that he had never made a contract with any man to buy cotton for him, except in writing.

2. Where an employer consented for his employee to perform some small work for another during the continuance of the employment, it was not competent for him to testify that this consent was based on his idea of what were the terms of his contract with his employee, such idea or basis of consent not being communicated to the employee, or known to him.

3. If the contract of employment included a provision that the service should continue only so long as it was satisfactory to the employer, the latter might terminate the employment upon becoming dissatisfied.

(a) Where, in a suit by a discharged employee to recover for such discharge as being unlawful during a certain period fixed by the contract, the employer pleaded and introduced evidence to show that it was agreed that the continuance of the employment should be dependent upon the satisfaction of the employer, it was error to practically exclude such issue from the jury and to instruct them, in effect, that the employer could not legally discharge the employee before the expiration of his term of employment, except for good and sufficient cause, "and the jury are the exclusive judges of what is a good and sufficient cause, basing their judgment upon the evidence in the case;" and also that the employer would be justified in discharging the employee for "such incompetent and inefficient services or misconduct of the plaintiff as would justify [the employer] in so doing."

4. In the light of the note appended by the judge to some of the grounds of the motion for a new trial, and of the writing off from the recovery of certain items thereof, the other grounds of the motion not herein specifically mentioned do not present any error requiring a reversal.

Argued January 11,—Decided April 15, 1909.

Complaint. Before Judge Cann. Chatham superior court. February 4, 1908.

*Edward S. Elliott,* for plaintiffs in error.

*Alexander & Edwards,* contra.

LUMPKIN, J.　J. B. Exum brought suit against Stewart & Company, alleging that the defendants had employed him on or about August 25, 1905, to act as a cotton buyer for them, with his headquarters at the town of Lyons; that his employment was to continue for four months, and his compensation was to be a salary of $50 per month and a commission of fifteen cents per bale upon each bale purchased; that he faithfully performed his duties until on or about the 6th of October, when the defendants ceased to use his services, and without legal justification abandoned their contract. The defendants admitted that they had employed the plaintiff, but denied the terms of the employment as stated by him. They alleged that they negotiated with him orally in regard to the employment, but that the contract was reduced to writing; that

he was, not to receive a salary, but fifteen cents per bale as commission on each bale of cotton purchased by him; that the continuance of the employment was to be only as long as the services of the plaintiff were satisfactory to the defendants, and not for four months. They denied that he faithfully performed his duties, but alleged that he was ignorant, inefficient, and incompetent; that his work was full of errors costly to them; that on October 11 they discontinued the employment, under the terms of the contract, because his services were not satisfactory, and also because he failed to reimburse them for the amount lost by them on account of his errors in the transaction of their business. They sought to recoup such alleged losses. The evidence was conflicting. The jury found for the plaintiff $207.27. The defendants moved for a new trial, which was refused upon the writing off of certain items by the plaintiff; and the defendants excepted.

1. The court refused to allow one of the defendants to testify that "I have never made a contract with any man to buy cotton for me, except in writing." This was complained of as error. The witness had testified positively that this particular contract was in writing, and other evidence had been introduced on that subject. It was immaterial for him to state what contracts he had made with others. Sometimes it is competent to show that a particular thing was done by showing that the person claiming to have done it always so acted under certain circumstances. As, for instance, if one should testify that he wrote a letter, stamped it, and gave it to his clerk to mail, although the clerk might not remember the particular letter, he might testify that he mailed every letter which was given to him by his employer. Proof of custom or practice may sometimes be admissible to throw light on questions of detail or particular acts falling within the custom. But, under the testimony in this case, there was no error in rejecting the evidence offered.

2. During the time involved in the controversy the defendants consented for the plaintiff to perform some other work, taking a small part of his time. One of them offered to testify that this consent was based on the construction placed on the contract by the defendants, namely, that the defendants had no objection to the plaintiff's going into other business if they were paying him fifteen cents per bale for cotton as a commission, but they would

have objected if they were paying him $50 per month and also fifteen cents per bale. This was properly excluded. There was no evidence that such a construction of the contract was stated to the plaintiff as the basis of the consent given by the defendants. Their reasons, not communicated to the plaintiff or known by him, were inadmissible.

3. The judge charged the jury as follows: "An employer is not legally justified in discharging an employee before the expiration of his term of employment, except for good and sufficient cause, and the jury are the exclusive judges of what is a good and sufficient cause, basing their judgment upon the evidence in the case, and they are to judge of the value and weight of the evidence." He nowhere in his charge submitted to the jury the contention of the defendants that they had the right to terminate the contract of employment when the services of the plaintiff were not satisfactory to them. The defendants made this a distinct issue in their pleadings, and introduced evidence tending to sustain the allegation. If this right formed a part of the contract between the plaintiff and the defendants, they could terminate the employment of the plaintiff when his services became unsatisfactory to them; and they would not be liable for so doing. *Mackenzie v. Minis,* ante, 323 (63 S. E. 900). It is not held that the defendants could receive the plaintiff's services for a time, terminate the further employment on the ground of dissatisfaction, and refuse to pay anything for his services while they were accepted and received. That is not claimed in this case. Here, as in the case of *Mackenzie v. Minis,* supra, the question was as to the right of the employers to discharge the employee or terminate the employment, when the services rendered were unsatisfactory to them. The defendants were entitled to have their contention on that subject submitted to the jury. The charge of the court practically excluded it, and left the jury to determine what was a good and sufficient cause for discharge, or, at most, to restrict the ground on which the contract could legally be terminated by the defendants, before the expiration of four months, to "such incompetent or inefficient services or misconduct of the plaintiff as would justify them in so doing."

4. There were other grounds of the motion for a new trial, but, when considered in connection with a note of the presiding

judge and the requirement that the plaintiff should write off certain items of the recovery, they do not require a reversal. As the case will be remanded for another trial, we do not discuss the evidence.     *Judgment reversed. All the Justices concur.*