*George B. Cowart, H. A. Peacock,* for plaintiff.
*R. H. Ferrell,* for defendant.

---

### 13690. LUMMUS COTTON GIN CO. *v.* BAUGH.

STEPHENS, J. 1. A clause in a contract of employment which provides for a definite term of employment, to continue on condition that the conduct and services of the employee are satisfactory to the employer, but which gives the employer the right " to be the sole judge in reserving the right to terminate this contract upon thirty days' notice at any time," does not authorize the employer to terminate the contract and dispense with the services of the employee solely upon the ground that the employer's financial interests make such action by the employer necessary. The employer's right to be the sole judge as to the conditions upon which he will terminate the contract must, if any effect is given to the provision that the employee's right to continue in service for the period contracted for is conditioned upon the employee's services being satisfactory to the employer, be exercised only as respects the character of service upon the part of the employee, of which character of service the employer is to be the sole judge.

2. Applying the above rulings, the court did not, in a suit by the employee against the employer for an alleged illegal discharge of the plaintiff by the defendant under the contract, err in overruling the demurrers interposed by the defendant.

      *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
      DECIDED FEBRUARY 9, 1923.

Action for breach of contract; from Muscogee superior court — W. G. Love, judge pro hac vice. May 10, 1922.

The contract in question consisted of a letter in which the plaintiff proposed to work for the defendant for twelve months from January 1, 1921, at the rate of $200 per month, and a written acceptance by the defendant as follows: " The above proposition is hereby accepted this 22d day of December, 1920, service to begin January 1st, 1921, and to continue twelve months, conditioned on your conduct and services being satisfactory to us, we to be the sole judge in reserving the right to terminate this contract upon thirty days' notice at any time."

*Battle & Arnold,* for plaintiff in error.
*Lovejoy & Mayer,* contra.