## 35121. LEVIN *v.* YOUNG.

DECIDED JUNE 24, 1954.

*Arnold S. Kaye, James M. Roberts,* for plaintiff in error.
*Hamilton Lokey, Lokey, Bowden & Rolleston,* contra.

NICHOLS, J. Young brought an action against Levin for a breach of the following provision of a contract entered by the parties on April 21, 1953: "(5) Young and Levin agree and acknowledge that Young negotiated for Levin a contract with

E. W. Hunter for sign rights and the erection of a neon sign upon the roof of a one-story building to be constructed by E. W. Hunter on the southwest corner of Mills and Williams Streets, said building to be erected adjacent to or in the vicinity of the building upon which the Delta Neon sign . . . is located. For reasons not important to this contract, E. W. Hunter determined that a sign should not be erected upon the roof of said building and an agreement was made with Levin for the payment to him of $2,000.00 in settlement of Levin's claim for sign rights on the roof of said building. Said $2,000.00 has been deposited in escrow by Hunter for payment to Levin if and when said one-story building is constructed and Levin would otherwise be entitled to sign rights on the roof thereof. Subsequently, Levin has made two alternative proposals to Hunter for the settlement and disposition of his claim for sign rights on said one-story building, these alternatives being, (a) the extension of the lease to Levin of sign rights on the building where the Delta sign above referred to is located, and (b) a modification of the rental arrangements relative to the sign rights on said building. Levin agrees and acknowledges that when he settles or has the right to settle with E. W. Hunter his claim for sign rights on the one-story building by the acceptance of the $2,000.00, or the acceptance of either of the two alternatives above referred to in lieu of the $2,000.00, or in the event Levin settles his said claim for sign rights on any other basis, Levin shall within ten days of that time pay to Young the sum of $1,000.00 as a settlement of his claims for commissions relative to the negotiation of the contract for sign rights on said one-story building."

Young further alleged in his amended petition substantially as follows: The building referred to in paragraph 5 of the contract has been constructed and was completed more than ten days before August 26, 1953 (the alleged date of a demand for payment by Young). If Levin had not made the settlement arrangements with Hunter as set out in the contract, he would have been entitled to erect a sign or signs upon the roof of the building upon its completion. When the building was completed, "Levin was entitled to receive from said Hunter the $2,000.00 held in escrow, or the right to settle with said Hunter his claim for roof rights as outlined in said contract." In either event,

Young was entitled to receive $1,000 from Levin within ten days from the completion of the building.

The exception here is to a judgment overruling Levin's general demurrer to the amended petition. Levin contends that the petition fails to show fulfilment of the conditions precedent to his liability under the contract.

The alleged contract provides that Levin shall pay Young $1,000 when Levin "settles or *has the right to settle* with E. W. Hunter his claim for sign rights on the one-story building by the acceptance of the $2,000, or the acceptance of either of the two alternatives above referred to in lieu of the $2,000, or in the event Levin settles his said claim for sign rights on any other basis." It is alleged that the building was completely constructed more than ten days before August 26, 1953, and that, at this time, Levin was *entitled* to receive $2,000 from Hunter or to settle his claim for roof rights as outlined in the contract. This amounts to an allegation that Levin then had the right to settle by acceptance of $2,000, or by acceptance of either of the alternative proposals, (a) or (b), and this is the condition of the contract sued on.

The petition set out a cause of action for a breach of the contract between Young and Levin, and the court did not err in overruling Levin's general demurrer.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*