### 36237. ATLANTA REALTY CO., INC. *v.* CAMPION.

TOWNSEND, J. 1. "The broker's commissions are earned when, during the agency, he finds a purchaser ready, able and willing to buy, and who actually offers to buy on the terms stipulated by the owner." Code § 4-213. "An offer by the proposed purchaser to buy on terms not stipulated by the owner will not entitle the broker to his commissions." *Howard* v. *Sills & Purvis,* 154 *Ga.* 430 (1) (114 S. E. 580).

2. "Parties laboring under no disabilities may make contracts on their own terms, and in the absence of fraud or mistake or terms that are illegal or contrary to public policy, they must abide the contract." *Yon* v. *City of Atlanta,* 201 *Ga.* 800, 804 (41 S. E. 2d 516). "There is nothing illegal or extraordinary in undertaking to do a thing or furnish an article the acceptance of which shall depend on the satisfaction of the other contracting party." *Mackenzie* v. *Minis,* 132 *Ga.* 323, 327 (63 S. E. 900). Where one contracting party agrees to perform services "to the satisfaction of" or "satisfactory to" the other party, compliance with the contract is not shown unless it appears that the thing done or the article furnished does in fact satisfy the other party. An exception to this rule, of course, is where dissatisfaction is feigned merely for the purpose of avoiding the contract. That has been held not to be dissatisfaction, but fraud. *Rome Industrial Ins. Co.* v. *Eidson,* 138 *Ga.* 592 (4) (75 S. E. 657); *Stewart & Co.* v. *Exum,* 132 *Ga.* 422 (3) (64 S. E. 471).

3. Applying the foregoing rules of law to the facts of this case, it appears that the plaintiff, a real-estate broker suing for commissions earned on the ground that he had found a purchaser ready, willing and able to purchase a restaurant business listed by the defendant with him for sale, entered into a written agreement with the owner by the terms of which he was given an "irrevocable" exclusive agency to sell. Some 7 months later and while the agreement was, according to the allegations of the petition, still of force and effect, the petition alleges that the plaintiff notified the defendant that it had obtained a buyer for the property for the sum of $11,000; that the defendant agreed to meet with the "procured buyer" and the plaintiff to execute a sales contract; that thereafter defendant "refused to enter into a sales contract with the buyer procured by the efforts of your petitioner, without any reason or justification whatsoever" and that "your petitioner shows that it performed its exclusive sales agreement with the defendant in all particulars and that it got a buyer who was ready, willing and able to buy the property of the defendant upon the terms specified by the defendant as aforesaid, and that your petitioner had fully earned its commission in the sum of $1,000, but the defendant fails and refuses to pay your petitioner the sum of $1,000 or any portion thereof." These general allegations must yield to the specific facts pleaded, wherein it is shown that the terms of the contract between the plaintiff and the defendant, which is attached to the petition as an exhibit, provide as follows: "The undersigned seller hereby authorizes and empowers Atlanta Realty Company to find a purchaser for the above described business and property of the seller for the sum of $10,000 in cash, *or upon terms satisfactory to the seller.* . . Cash down $2,500.00." The petition, which fails to allege that the offer of the prospective buyer to purchase was for cash, or, if not for cash, what terms were offered and that such terms were in fact satisfactory to the seller, fails to show a compliance with the contract such as would entitle the broker to his commissions. The allegation that the buyer was willing to purchase "upon the terms specified by the defendant as aforesaid" does not meet this contractual element, for the only terms specified, except for payment in cash, are that there must be a down payment of $2,500 plus other terms which the buyer may or may not find satisfactory, and which it is not alleged that he did find satisfactory.

Accordingly, the petition failed to set out a cause of action and the trial court did not err in sustaining the general demurrer thereto.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

Decided June 12, 1956—Rehearing denied July 5, 1956.

*William H. Whaley, Robert W. Cagle,* for plaintiff in error. *Sam G. Dettelbach,* contra.