21491. WATERS, by Next Friend v. WATERS.

CANDLER, Justice. Ben P. Waters and his wife were divorced on December 1, 1944. They had at that time two minor children, one of whom was Benjamin Peyton Waters. They entered into an agreement, which was approved by the court and made a part of their divorce decree by the terms of which agreement he was to pay her $55 per month for the support and maintenance of each of their minor children. The petition in the instant case does not allege a failure on his part to comply with that decree. On May 18, 1961 his minor son suing by and through a next friend, brought an action against him in which the son prayed for specific performance of an oral contract or in the alternative a judgment against him for $25,000. The petition alleges: Subsequently to the date of the divorce between his father and mother, the former orally promised and agreed with him that if he (the

petitioner) would take his advice and go to school and obtain a degree from an accredited college, he would pay all the son's medical, educational, and incidental expenses in obtaining a high school education and a college degree. His father complied with such promise and agreement until shortly prior to the date on which this litigation was instituted. Petitioner is afflicted with schizophrenia and has been advised by several physicians that he should attend a school giving psychiatric treatment in addition to a normal high-school course. There are a number of such schools, one of which is the Deveraux School in Pennsylvania, where the cost for such medical treatment and schooling ranges from $500 to $700 per month. His father refuses to send him to that school, though petitioner has requested him to do so. The prayers of the petition are that the defendant be required to specifically perform his oral promise and agreement with the petitioner by sending him to that particular school for both psychiatric treatment and high-school instruction, or an alternative judgment for $25,000 and such other and further relief as to equity may seem meet or the nature of his case may require. The court sustained a general demurrer to the petition and the exception is to that judgment. *Held:*

1. "A contract upon which specific performance is sought must be certain, definite and clear, and so precise in its terms that neither party can reasonably misunderstand it." *Studer v. Seyer,* 69 Ga. 125, 126; *Pair v. Pair,* 147 Ga. 754 (95 SE 295); *Muller v. Cooper,* 165 Ga. 439 (141 SE 300); *Hamilton v. Daniel,* 213 Ga. 650 (100 SE2d 730). Conceding, but not holding, that the alleged promise and agreement between the plaintiff and his father constitutes a valid contract, it is not sufficiently clear, definite and certain to be enforced by the equitable remedy of specific performance. *First National Bank & Trust Co. v. Falligant,* 208 Ga. 479 (67 SE2d 473). In that case a mother named her child for a relative on the latter's promise and agreement to give the child a college education and her jewels. On a suit brought for specific performance of the contract against the promisor's executor, this court unanimously held that the words "college education" were so uncertain and indefinite that a court of equity would not enforce the contract by decreeing specific performance.

2. The petition in this case contains an alternative prayer for damages. It also fails to state a cause of action for that relief. In *Hamilton v. Daniel*, 213 Ga. 650, supra, where the petitioner prayed for specific performance of a written contract for the sale and conveyance of certain lands and an alternative prayer for damages, this court unanimously held that since the contract there involved was not sufficiently definite in its terms to authorize a decree of specific performance, the petition for that reason also failed to state a cause of action for damages. For that ruling *Loewus v. Eskridge & Downing, Inc.*, 175 Ga. 456 (5) (165 SE 576), was cited and relied on where it was held by a full bench: "In order to entitle one to recover damages in lieu of specific performance, the complainant must [allege and] prove his right to the latter remedy." For like rulings, see the cases cited in the *Loewus* case, supra.

3. It follows from what has been said in the two preceding divisions that the petition fails to state a cause of action for any of the relief sought. Hence, it was properly dismissed on general demurrer.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 8, 1962—DECIDED JANUARY 22, 1962.

*Roberts & Thornton, L. B. Kent,* for plaintiff in error.
*John G. Cozart,* contra.

