39666.   COLLEGE PARK BUILDERS, INC. v. UPLANDS
CONSTRUCTION CORPORATION.

Decided September 25, 1962.

*Poole, Pearce & Hall, Martin H. Rubin,* for plaintiff in error.
*Lipshutz, Macey, Zussman & Sikes, John M. Sikes, Jr.,* contra.

HALL, Judge. 1. The defendant contends that its demurrers should have been sustained because the petition failed to allege that the building had been performed to the satisfaction of the defendant. The contract which is a part of the petition provides that all work will be done "to complete satisfaction of owner." This is an enforceable provision of the contract. *Mackenzie v. Minis,* 132 Ga. 323, 327 (63 SE 900, 23 LRA (NS) 1003, 16 AC 723); Anno. 44 ALR2d 1114. It is a well settled rule that a demurrer admits all properly pleaded allegations to be true. *Code* § 81-304. The effect of plaintiff's allegation that it has completed the houses and complied with its contract (incorporated in the petition) is that plaintiff has complied with every term of the contract including the provision that the work has been done to the complete satisfaction of the owner. The petition is sufficient against general demurrer. *Douglas v. McNabb Realty Co.,* 78 Ga. App. 845, 849 (52 SE2d 550); *Levin v. Young,* 90 Ga. App. 304, 306 (83 SE2d 30). The case of *Atlanta Realty Co. v. Campion,* 94 Ga. App. 136 (93 SE2d 781), cited by the defendant is not in conflict with this holding. While the petition there alleged that the plaintiff had performed its contract in all particulars, it revealed that the plaintiff real estate broker could have performed the contract in alternative ways, that is, either by procuring a buyer for defendant's property for a stated cash sum, *or* upon terms satisfactory to the seller with a down payment of $2,500. The court held that the general allegation that plaintiff had performed the contract did not show that either one or the other of the contract alternatives had been complied with. The defendant also cites *Southern*

*Mfg. Co. v. Moss Mfg. Co.,* 13 Ga. App. 847 (81 SE 263); and *Hilton v. Taylor,* 18 Ga. App. 647 (90 SE 223), which held that a petition for breach of a building contract containing a stipulation that payment to the builder should be due only upon the certificate of an engineer accepting the work, was open to attack by general demurrer in the absence of a special allegation that this term of the contract had been complied with. These cases are not controlling here because in the present contract the provision that the work shall be done to the satisfaction of the owner is not stated as a condition precedent to final payment. Final Federal Housing Authority inspection and approval is stated as such a condition and the present petition alleges that there has been final Federal Housing Authority inspection and approval. This is comparable to the condition in the contracts involved in the cases relied on by the defendant, where the court held the required approval of a third party, not a party to the contract, must be alleged in the petition.

Since counts 2 and 3 merely state contentions of the plaintiff in addition to and not in conflict with the allegations of count 1, counts 2 and 3 are also good against general demurrer.

2. Count 4 seeks recovery in quantum meruit for a sum due for the reasonable value of work and services. This count incorporates a paragraph of count 1 which states, "The houses referred to in exhibit 1 [the building contract which is a part of count 1] and built by petitioner for defendant are indicated by lot number on exhibit 3." "The houses referred to in exhibit 1 are listed by lot and block, house model, and quotation of price in a 'Schedule A' attached to and incorporated in exhibit 1." This court has held that in pleading a count based on quantum meruit an express contract may not be incorporated. *Thomas McDonald & Co. v. Elliott,* 92 Ga. App. 409, 410 (88 SE2d 440); *Millican Electric Co. v. Fisher,* 102 Ga. App. 309, 310 (116 SE2d 311). However, the reference in count 4 of the present petition to a list of houses included in the written contract is not an incorporation of the contract in the quantum meruit count and would not likely confuse the jury. Count 4 states a cause of action in assumpsit. *Millican Electric Co. v. Fisher,* supra.

3. The trial court sustained a special demurrer filed by plaintiff to an allegation of the defendant's plea and answer that the work done by the plaintiff took longer than 120 days, the period specified in the contract for delivering the houses. Thereafter in an amendment to its answer the defendant struck the allegation demurred to. This amendment was filed prior to March 6, 1962, the date of the repeal of the part of *Code Ann.* § 81-1001 providing, "Either party who amends . . . his petition or other pleadings in response to order or other ruling of court shall not be held to have waived his objection to such order or ruling but may thereafter take exception thereto as in other cases." Since the above quoted provision was in effect at the time of defendant's amendment the assignment of error on the sustaining of the demurrer will be considered. The defendant cites *Cannon v. Hunt,* 113 Ga. 501, 511 (38 SE 983) for the proposition that it is entitled to recover as damages the worth of the houses from the time they should have been completed under the contract to the time they were delivered. Assuming that the defendant had the right to recover damages on account of plaintiff's failure to complete the houses in the time prescribed by the contract, its answer does not specifically allege any special damages due to such failure, and there could have been no harm in striking the allegation.

The trial court did not err in overruling the general demurrers to the petition and sustaining the special demurrer to the plea and answer.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*