22541. MATLOCK v. DUNCAN.

SUBMITTED JUNE 9, 1964—DECIDED JULY 9, 1964—
REHEARING DENIED JULY 22, 1964.

*Howell C. Ravan,* for plaintiff in error.

*Vernon W. Duncan,* contra.

MOBLEY, Justice. ■ First, does the petition state a cause of action for specific performance of an oral contract to execute a lease of land and for performing said contract? When possession of land is given under agreement upon a meritorious consideration, and valuable improvements made upon the faith thereof, equity will decree specific performance. *Code* § 37-804.

For a court of equity to decree specific performance of an oral contract as to land, there must be a definite and specific statement of the terms of the contract. "The requirement of certainty extends not only to the subject matter and purpose of the contract, but also to the parties, consideration, and even the time and place of performance, where these are essential. Its terms must be such that neither party can reasonably misunderstand them." *Williams v. Manchester Building Supply Co.,* 213 Ga. 99, 101 (1) (97 SE2d 129), and cases cited. See also *Waters v. Waters,* 217 Ga. 557 (1) (123 SE2d 765), and cases cited.

We are of the opinion that the terms of the oral contract in the instant case, as alleged, are sufficiently definite and certain to meet the foregoing stated requirements. The parties, consideration, subject matter, and purpose of the contract are precisely stated. The time and place of performance, where essential, must be stated. As to the time, the contract provided monthly, without specifying any certain day in the month. However, this court has held that where a lease contract provides for the payment of a stipulated annual rental, but does not state when due, it is generally due at the end of each rental year, *Parker v. Gortatowsky,* 129 Ga. 623 (3), (59 SE 286); and such contract is sufficiently definite as to time of payment to authorize specific performance. *F. & W. Grand Five-Ten-Twenty-five Cent Stores v. Eiseman,* 160 Ga. 321 (5) (127 SE 872). Applying that

principle here, the time of payment was fixed at the end of the month in the absence of any further agreement as to time of payment. The exact place of performance, that is, where the payments would be made, would not be essential in this case.

■ The next question presented is did the failure of the lessee to pay the rent for the months of November and December, 1963, constitute a breach of the rental contract and has there been a legal termination of the lease and forfeiture of the lessee's rights thereunder? "A party seeking specific performance of a contract must show substantial compliance with his part of the agreement; otherwise he is not entitled to a decree." *Lee v. Lee,* 191 Ga. 728 (1) (13 SE2d 774); *Chatham Amusement Co. v. Perry,* 216 Ga. 445 (4) (117 SE2d 320).

The petition alleges compliance with the requirements of the lease in that he procured the annexation of the property within the City of Kennesaw, that he erected a building thereon suitable for a beer package store, and constructed a driveway and improved the grounds. However, the defendant contends that he failed to comply with the requirement that he pay $25 monthly rental for the property in that he did not pay the rent for the months of November and December, 1963. The petition alleges that on December 30, 1963, defendant served plaintiff with notice "that your tenancy at will on the property [describing it] . . . is hereby terminated as of this date for non-payment of rent" and asked him to remove all personal property therefrom.

In this connection the petition alleges that "no arrangement was made as to mode of payment," but "plaintiff relied upon express statements and instructions from defendant that he would pick up" the rent, and that since April, 1960, when the beer place opened he had picked up the rent at the beer place or plaintiff's market; that this continued until the beer business was closed in October, 1962, and he had since picked up the check at plaintiff's market; that he was never consistent in picking up the check, having in May, 1963, failed to come by and get it, and finally came on June 4 when he picked up the check for both May and June; that on November 2, 1963, plaintiff sold his market and was at his home during November and December, 1963, and was during that time always available, willing, and able to pay

204

the rent, when defendant came by for it or instructed him where to pay it; that upon receiving the termination letter from defendant, he immediately tendered the payments due and has made a continuing tender thereof since, and that on January 10, 1964, he tendered him a certified check for $75 in payment of November, December, and January rents which defendant refused to accept, and that prior to filing this suit he tendered $75 into the registry of the court and will tender $25 per month thereafter.

There has been no failure on the part of the lessee for nonpayment of rent for either November or December, 1963, because the parties agreed that the monthly rent would be picked up by the lessor, which relieved the plaintiff from delivering or tendering the rent due until the lessor came to pick it up. He did not pick the rent up for November prior to the due date of November 30, nor prior to December 30, when defendant served notice of termination of the lease. Plaintiff was not in default for November because of failure of defendant to pick up the rent as per their agreement. On December 30, when the notice was given, the rent for December was not due and payable; thus, he was not in default as to the payment of the December rent. As soon as he was put on notice that defendant would not pick up the rental payments, he tendered the amount due under the contract to the defendant and has made a continuing offer thereof.

The petition stated a cause of action for specific performance of an oral contract to execute a lease of described land for the term stated under the terms and conditions alleged and for specific performance of the lease contract.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., and Almand, J., who dissent.*