## 41090.   MANSFIELD v. LARY.

JORDAN, Judge.   This was a negligence action brought by the plaintiff to recover damages for injuries sustained by her when she fell while using the facilities of the defendant's self-service, coin-operated laundry.   The jury returned a verdict for the plaintiff, and the exception is to the denial of the defendant's motion for judgment notwithstanding the verdict. *Held:*

The record in this case discloses that the plaintiff simply lost her balance and fell after standing in a fixed position for several moments.   The evidence does not show that the plaintiff stumbled over any object, or that she slipped due to the dangerous or defective condition of the floor, or that the defendant touched or bumped her in any manner, or did any other act which could be said to be the proximate cause of her fall.   Under these circumstances there is no evidence which would authorize a finding that this unfortunate occurrence was proximately caused by any defective condition in the premises or negligence on the part of the defendant.

Accordingly, since a merchant is not an insurer of the safety of his customers and is required by law only to exercise ordinary care to avoid injury to them, *Platz v. Kroger Co.*, 110 Ga. App. 16 (137 SE2d 561), a verdict was demanded for the defendant; and the trial court erred in denying his motion for judgment notwithstanding the verdict.

*Judgment reversed. Felton, C. J., and Russell, J., concur.*

DECIDED JANUARY 27, 1965—REHEARING DENIED FEBRUARY 17, 1965.

*Bennett, Pedrick & Bennett, John W. Bennett,* for plaintiff in error.

*Schreiber & Rozier, C. Edwin Rozier,* contra.