41443.   COMMERCIAL MORTGAGE & FINANCE CORPORATION v. GREENWICH SAVINGS BANK.

DECIDED SEPTEMBER 28, 1965.

*Grant, Spears & Duckworth, William H. Duckworth, Jr.,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Larry I. Bogart,* contra.

BELL, Presiding Judge. Defendant contends that the agreements in question were so lacking in mutuality as to be unenforceable. "Parties who labor under no disabilities may contract on their own terms, and if there is no fraud or mistake, and the terms are not illegal or contrary to public policy, they must abide the contract . . . there is nothing illegal or extraordinary in undertaking to do a thing or furnish an article the acceptance of which shall depend on the satisfaction of the other contracting party . . . [but in terminating the contract] the promisor, whose satisfaction is thus made the test, must act honestly and in good faith. His dissatisfaction must be real, not merely pretended." *MacKenzie v. Minis,* 132 Ga. 323, 327-329 (63 SE 900, 23 LRA (NS) 1003, 16 AC 723). This prerequisite for legal termination of the contract is necessarily based upon the premise that the contract was valid and enforceable. See also: *Stewart & Co. v. Exum,* 132 Ga. 422, 425 (64 SE 471); *Rome Industrial Ins. Co. v. Edison,* 138 Ga. 592, 596 (75 SE 657); *Yon v. City of Atlanta,* 201 Ga. 800, 804 (41 SE2d 516); *Atlanta Realty Co., Inc. v. Campion,* 94 Ga. App. 136 (2) (93 SE2d 781).

"Parties may lawfully contract that performance by one of them shall be to the satisfaction of the other." 17A CJS 718, Contracts, § 495 (1). "Promises to render a performance satisfactory to the other party, or to pay for a performance if it is satisfactory to the promisor, are common in contracts. It has been questioned whether an agreement in which the promise of one party is conditional on his own or the other party's satisfaction contains the elements of a contract—whether the agreement is not illusory in character because conditioned upon the whim or caprice of the party to be satisfied. Since, however, such a promise is generally considered as requiring a performance which shall be satisfactory to him in the exercise of an honest judgment, *such contracts have been almost universally upheld."* (Emphasis added). 5 Williston, Contracts (3rd Ed. 1961) § 675A. On this subject generally and in accord, see:

1 Corbin, Contracts (1963 Ed.) 666, § 150, 3A, 78, § 644; 17 Am. Jur. 2d 807, Contracts, §§ 366-369; 6 ALR 1497 (employment contract conditional on the satisfactory character of the services rendered); 81 ALR 1058 (option for renewal of lease, conditional upon provision that the lease shall have been satisfactory to lessor); 167 ALR 411 (contract for sale of land which makes performance conditional upon purchaser's or third person's satisfaction with condition of property); 44 ALR2d 1114 (private building and construction contract providing that work must be done to satisfaction of owner); 47 ALR2d 455 (contract for sale of land providing that title must be satisfactory to purchaser); 86 ALR2d 200 (sale of goods subject to satisfaction of buyer).

In harmony with the generally accepted view, several cases decided by this court are positive authority for holding that a provision in a contract requiring the performance of one party to be satisfactory to the other is valid and enforceable. See *Lummus Cotton Gin Co. v. Baugh*, 29 Ga. App. 498 (1) (116 SE 51); *Sears, Roebuck & Co. v. Kitchens*, 31 Ga. App. 574 (1) (121 SE 583); *Fried v. Portis Bros. Hat Co.*, 41 Ga. App. 30 (1) (152 SE 151); *College Park Builders, Inc. v. Uplands Construction Corp.*, 106 Ga. App. 644, 645 (127 SE2d 812).

If one may contract for a performance which is altogether satisfactory, then certainly one may specify certain items or parts of that performance which must meet with the approval of the party to be satisfied. When certain aspects, rather than all, of that which is promised are specified as being subject to acceptance or satisfaction, less is left for determination of the party judging the performance. In the latter circumstance there is less likelihood of arbitrary action by the party to be satisfied and even greater reason for upholding the contract. That is the situation here.

The contract here is not lacking in mutuality, for the plaintiff had a positive obligation to purchase those loan agreements which were submitted by defendant and were satisfactory to plaintiff in the stipulated respects in the exercise of plaintiff's honest judgment. If plaintiff had refused to purchase any loans submitted by defendant, defendant had the means of enforcing

the contract by seeking a jury determination as to whether plaintiff acted in good faith in rejecting the loans. See Paley v. Barton Savings & Loan Assn., 82 N.J. Super. 75 (196 A2d 682).

The trial court did not err in overruling defendant's general demurrers.

*Judgment affirmed. Frankum and Hall, JJ., concur.*