### 42054. TSCHUDY v. SILER.

PANNELL, Judge. 1. Where an alleged brokerage contract for the sale of a business attempts to set forth the terms of sale as to the amount to be paid and the amount of commission to be paid the broker and the owner agrees "to pay the agent his commission if [he] sell this business during his listing or to any of his prospects after the listing expires," such agreement to pay commissions must be interpreted in the light of the terms of sale set forth, and confined to a sale on those terms.

2. Pretermitting the question of whether the alleged brokerage contract sued upon was sufficiently definite as to the terms of sale to support an action for brokerage commissions based thereon, the petition here involved is fatally defective for its failure to allege that the broker found a purchaser ready, able, and willing to purchase on the terms provided (*Hall v.*

*Vandiver,* 37 Ga. App. 656 (141 SE 332) ; *Howard v. Sills &
Purvis,* 154 Ga. 430 (114 SE 580); *Atlanta Realty Co. v.
Campion,* 94 Ga. App. 136 (93 SE2d 781)) or to a prospect
obtained by the broker on the terms provided. An allegation
that the business was sold to a prospect obtained by the broker
does not constitute such an allegation nor does an allegation
that the broker "has fully completed all duties devolving upon
him as such business broker." The trial court erred in over-
ruling the defendant's general demurrer to the petition.

*Judgment reversed. Felton, C. J., and Frankum, J., concur.*

Submitted June 6, 1966—Decided September 6, 1966—
Rehearing denied September 22, 1966.

*John L. Respess, Jr.,* for appellant.
*Fred W. Minter,* for appellee.