· 24242. STRIBLING et al. v. AILION.

ARGUED SEPTEMBER 14, 1967—DECIDED OCTOBER 5, 1967.

*Westmoreland, Hall & O'Brien, John L. Westmoreland, Jr., Donald E. O'Brien, P. Joseph McGee,* for appellants.

*John E. Sacker, Jr.,* for appellee.

ALMAND, Presiding Justice. Richard Ailion brought an action against Dorothy Orme Stribling and Jane Young Pierce, seeking specific performance of a certain contract for the sale of real estate and in the alternative damages. The petition made the following case. Plaintiff and defendant Stribling entered into a contract whereby defendant Stribling was to sell to plaintiff certain described property. The terms of the contract provided for a $3,000 cash payment at the time of closing and a note and deed to secure debt from plaintiff to defendant Stribling for $32,500 on said property payable over a twenty-year period. Defendant Stribling requested and insisted that the contract contain the following special stipulation: "Seller [defendant Stribling] reserves the right to run a credit investigation on purchaser [plaintiff] and if in seller's opinion purchaser's credit is not sufficient, then the terms of this contract are null and void. Seller has until December 8, 1966, to complete said credit investigation." On December 2, 1966, shortly after plaintiff and defendant Stribling had entered into this contract, defendant Stribling sold the same property to defendant Pierce who had knowledge of the prior contract. Plaintiff alleged "that at no time did defendant Stribling run a credit investigation on petitioner, in order to determine whether or not petitioner's credit was sufficient, . . . that from Dec. 1st, 1966, up to and through Dec. 8, 1966, defendant Stribling did not attempt to, nor did she run or complete

a credit investigation on petitioner" and "that by virtue of defendant Stribling's failure to run a credit investigation as set forth in special stipulation No. 9 of said contract, defendant Stribling elected not to rely upon said special stipulation, and thereby waived said special stipulation." The defendants filed general demurrers to the petition which were overruled. The appeal is from the overruling of these demurrers.

■ Where in a contract one party agrees to perform to the satisfaction of the other party in a matter involving judgment, the latter shall be the sole judge of his satisfaction. 17A CJS 718, Contracts, § 495 (1). See *Atlanta Realty Co. v. Campion,* 94 Ga. App. 136 (2) (93 SE2d 781). The special stipulation was placed in the instant contract at the request of and for the benefit of the defendant Stribling. This special stipulation left in the defendant Stribling's opinion and judgment the determination of whether or not the plaintiff's credit was sufficient. Defendant Stribling had the sole right in her own discretion to decide if plaintiff's credit was satisfactory. The special stipulation inserted a condition precedent to be fulfilled before the defendant Stribling's duty to perform under the contract arose. Instead of alleging that this condition precedent was complied with, the plaintiff alleged that defendant Stribling had waived the special stipulation by failing to run a credit investigation. The right reserved by the special stipulation was not merely the right to run a credit investigation, but was the right to determine to the defendant Stribling's satisfaction the sufficiency of the plaintiff's credit. Defendant Stribling has not waived the effect of the special stipulation, but, on the contrary, exercised her right under the stipulation to declare the contract null and void.

A condition precedent must be performed before the contract becomes absolute and obligatory upon the other party. *Code* § 20-110. The special stipulation places a condition precedent that plaintiff's credit be sufficient within the defendant Stribling's sole opinion before defendant Stribling's obligation arises under the contract. The absence of allegations that the plaintiff has complied with the condition precedent of the instant contract renders the petition for specific performance subject to a general demurrer. *Adams v. Cates Development Co.,* 219 Ga. 255 (132

SE2d 668) ; *F & C Investment Co. v. Jones,* 210 Ga. 635 (81 SE2d 828) ; *Wehunt v. Pritchett,* 208 Ga. 441 (67 SE2d 233) ; *Peacock Construction Co. v. West,* 111 Ga. App. 604 (142 SE2d 332) ; *Atlanta Realty Co. v. Campion,* 94 Ga. App. 136 (3), supra. It was error to overrule the defendants' general demurrers to the petition for specific performance.

■ "A petition which seeks specific performance of a contract for the sale of land which fails to state a cause of action for that relief cannot be the basis of an action for damages growing out of an alleged breach of such contract. *Loewus v. Eskridge & Downing, Inc.,* 175 Ga. 456 (5) (165 SE 576) ; *Hamilton v. Daniel,* 213 Ga. 650 (100 SE2d 730) ; and *Waters v. Waters,* 217 Ga. 557, 559 (2) (123 SE2d 765)." *Crown Corporation v. Galanti,* 220 Ga. 660 (2) (140 SE2d 898). "In order to entitle one to recover damages in lieu of specific performance, the complainant must prove his right to the latter remedy. *Tippins v. Phillips,* 123 Ga. 415 (51 SE 410) ; *Prater v. Sears,* 77 Ga. 28." *Loewus v. Eskridge & Downing, Inc.,* 175 Ga. 456, 460, supra. Thus, the petition in the instant case which fails to state a cause of action for specific performance of the contract, cannot be the basis of an action for damages.

*Judgment reversed. All the Justices concur.*