46339. CLAYTON McLENDON, INC. v. McCARTHY et al.
46340. THE BONNY CORPORATION v. McCARTHY et al.

BELL, Chief Judge. The parties to these appeals entered into a real estate sales contract in which the appellant McLendon was the broker, the appellant The Bonny Corp. was the seller and the appellee McCarthy was the buyer. The appellee deposited $26,250 as earnest money with the broker. The broker brought suit against the purchaser and the seller for its commission alleging an anticipatory breach of the contract by the buyer. A counterclaim was filed by the buyer to recover the earnest money deposited. A cross claim and counterclaim was filed by the seller to recover one-half of the earnest money as liquidated damages. All parties filed motions for summary judgment. The trial court granted the appellee's motion for summary judgment and denied the motions of the two appellants, who appealed to this court from these orders.

The sale contract is attached to the pleadings and its terms are not in dispute. It contains provisions for the payment of a commission to the broker McLendon upon a consummation of the sale, which commission is equivalent to the earnest money deposited at the time of the signing of the contract in the amount of $26,250. The contract provided that if the purchaser refuses or fails to perform, the purchaser shall pay the broker the full commission; with the provision that the broker may apply one-half of the earnest money towards payment of the full commission and may pay the balance thereof to the seller as the seller's liquidated damages if the seller so claims. The contract had a specified closing date of June 21, 1970.

The contract also contains several stipulations, one of which is pertinent here. This special condition provided as follows: "It is further understood and agreed that this contract is subject to and contingent upon subject property being served by the necessary storm and sanitary sewers to service the type development referred to in No. 7 above at a cost to purchaser which purchaser considers to be reasonable and economically feasible. If it cannot be then this contract shall be null and void and earnest money shall be refunded to purchaser and purchaser shall have no liability to seller whatsoever." A letter from the appellee to the appellant broker in May, 1970, forms the basis for the claimed anticipatory breach of the sale contract. *Held:*

1. It was not error for the trial court to consider the affidavit of McCarthy which was served upon the other parties and filed on the day of the hearing of the motions for summary judgment. There is no showing in the record that any objection was made in the trial court on the grounds that it was not served and filed within the time provided by § 6 (d) of the Civil Practice Act (*Code Ann.* § 81A-106 (d)). *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178).

2. We need not reach the question as to whether there was any anticipatory breach of the contract, for the contract is unenforceable. By the express terms of the above quoted special condition, the purchaser was only bound to perform if in his uncontrolled judgment the cost of the sewers was "reasonable and economically feasible." This shows that the contract is lacking in mutuality. The condition made the contract contingent upon the event which may or may not happen at the pleasure of the buyer. Until that contingency has occurred there is no obligation on the part of the purchaser to purchase or the seller to sell. *F. & C. Investment Co. v. Jones,* 210 Ga. 635 (81 SE2d 828); *Wehunt v. Pritchett,* 208 Ga. 441 (67 SE2d 233); *Brady v. Poulos,* 121 Ga. App. 35 (172 SE2d 437). *Commercial Mortgage &c. Corp. v. Greenwich*

*Savings Bank,* 112 Ga. App. 388 (145 SE2d 249) is not in point as that case held that contracts requiring that one party's performance be "satisfactory" to the other in certain respects are not void for lack of mutuality. The situation here does not involve that issue. The performance of the condition in this case was left to the sole determination of McCarthy. The Bonny Corporation has nothing to do by way of any performance in determining the economic feasibility of the storm sewers. The appellee McCarthy was entitled to recover the earnest money.

3. It is not disputed that the total amount of the earnest money for which the appellee McCarthy obtained judgment in his favor in the lower court is $26,250. The appellee's counterclaim for the earnest money demanded $26,500. We will affirm the grant of his motion for summary judgment and the denial of the appellants' motions for summary judgment on the condition that appellee within 15 days from the date of issuance of this opinion write off so much of the judgment for the earnest money as exceeds $26,250; otherwise we reverse.

*Judgment affirmed on condition. Pannell, J., concurs. Deen, J., concurs specially.*

SUBMITTED JUNE 28, 1971—DECIDED NOVEMBER 19, 1971.

*Alex McLennan,* for McLendon.

*Scott Hogg,* for The Bonny Corporation.

*Peek, Whaley & Haldi, Glenville Haldi,* for appellees.

DEEN, Judge, concurring specially. *Commercial Mortgage &c. Corp. v. Greenwich Savings Bank,* 112 Ga. App. 388, supra, states: "Contracts requiring that one party's performance be 'satisfactory' or 'acceptable' to the other party in certain specified respects, are not illusory in character or void for lack of mutuality, but impose upon the party to be satisfied positive obligations conditioned upon his satisfaction in the exercise of an honest judgment." 5 Williston on Contracts (3d Ed.) § 675A is quoted in part: "Since, however, such a promise is generally considered as requiring a

performance which shall be satisfactory to him in the exercise of an honest judgment, *such contracts have been almost universally upheld."* Cases are grouped which held contracts had mutuality although conditioning a lease renewal as being satisfactory to the owner, a land sale on the buyer's satisfaction with the condition of the property, a construction contract on the work being done to the owner's satisfaction and a sale of goods subject to the satisfaction of the buyer. The *Commercial Mortgage* case involved a sale to persons "whose credit rating shall be satisfactory to" and title insurance "written by companies acceptable to" the plaintiff. The fact that such a contract is not void and does not lack mutuality, although it may be unenforceable where it takes the form of a condition precedent, is shown by *Stribling v. Ailion,* 223 Ga. 662, 663 (157 SE2d 427): "Where in a contract one party agrees to perform to the satisfaction of the other party in a matter involving judgment, the latter shall be the sole judge of his satisfaction." The case then cites *Atlanta Realty Co. v. Campion,* 94 Ga. App. 136 (2) (93 SE2d 781) where it was said: "Where one contracting party agrees to perform services to the satisfaction of or satisfactory to the other party, compliance with the contract is not shown unless it appears that the thing done or the article furnished does in fact satisfy the other party. An exception to this rule, of course, is where dissatisfaction is feigned merely for the purpose of avoiding the contract. That has been held not to be dissatisfaction, but fraud."

Thus it appears that a contract is not void or lacking in mutuality because it specifies that in connection therewith something must be done which one of the parties may accept or reject in his discretion. The contract is valid; the exercise of an honest judgment is the question at issue. Further, the discretionary acceptance may be phrased in either of two ways—as a condition precedent, in which case no rights arise on either side until the judgment is exercised one way or the other, or as a condition subsequent, in which case the contract is valid until the contracting party

exercises his discretion to annul it, the burden then being on the opposite party to show that the discretion was not fairly exercised if he wishes to insist on enforcement.

The present case is a good example of a discretionary stipulation contained in a condition subsequent: the sale is contingent upon subject property being served by the necessary storm and sanitary sewers "at a cost to purchaser which purchaser considers reasonable and economically feasible. If it cannot be then this contract shall be null and void." Obviously, all parties considered the contract viable, subject to its cancellation if, in the opinion of the purchaser honestly exercised, sewer connections were found not to be economically feasible.

The letter relied on as an anticipatory breach states: "My cost studies indicate that it would not be economically feasible to service this subject property with necessary storm and sanitary sewers . . . due solely to the fact that sewer service from Piedmont Avenue cannot be obtained . . . as it is not possible to attach the sewer line onto the sewer line serving Piedmont Avenue. Any other sewer service would involve an expenditure which would not be justified for this property."

I think it is extremely important to keep a clear distinction between contracts which are void because lacking in mutuality and contracts which are valid although they may become unenforceable upon the failure of some contingency. All sorts of rights may arise under such contracts other than those relating particularly to the contingency. I can make no rational distinction between, say, a provision for installing sewers at a price satisfactory to the purchaser, which would be valid under the *Commercial Mortgage* case, 112 Ga. App. 388, supra, and a provision that the property be served by sewers at a price "which purchaser considers to be reasonable and economically feasible." If anything, it seems to me that the latter phraseology is more definite than the former.

I therefore disagree with the second division of the opinion, holding the contract void for lack of mutuality. The

cited cases (*Wehunt v. Pritchett,* 208 Ga. 441 and *F. & C. Investment Co. v. Jones,* 210 Ga. 635, both supra) are not in point. There the contracts did not become effective until the purchaser did some unrelated act—in one instance, sell another house which he owned; and in the other obtain a certain described mortgage loan, there being no duty cast on him to initiate either act. In those cases the contracts simply never came into existence because a stated condition precedent failed to occur.

However, on this motion for summary judgment I think the appellee prima facie established (a) that he elected to rescind the contract because in his opinion the cost of sewer installation was not satisfactory to him because not economically feasible, and (b) a logical, objective reason for his having arrived at this opinion. Plaintiffs offer no evidence either that the defendant purchaser did not exercise his discretion in the matter or that it was arbitrarily and unfairly exercised so as to be fraudulent. For this reason alone I concur in the judgment.