27134. AUSTIN et al. v. WILLIS.

UNDERCOLFER, Justice. This is a suit for specific performance and damages for breach of a contract to sell real estate. The trial court denied the defendants' motion for a summary judgment and this appeal is from that ruling which was certified for immediate review. *Held:*

1. "A contract for sale of real estate is valid and binding where it is in writing and contains the following essen-

tials: (1) it must specify the parties, that is, the seller and the buyer; (2) it must sufficiently describe the subject-matter of the contract; and (3) it must name the consideration. The consideration need not be expressly stated, if the contract furnishes the key by which the amount of the purchase-price can be ascertained." *Baker v. Lilienthal,* 176 Ga. 802, 806 (169 SE 28); *Muller v. Cooper,* 165 Ga. 439 (2) (141 SE 300).

The contract in the instant case provides that the purchase price for the land is "$57,500 net," $18,500 cash, and the assumption of a first mortgage on the property of approximately $39,000 payable to the Security Federal Savings & Loan Assn., Perry, Georgia. The actual amount of the loan was more than $39,000.

"The loan assumed by the purchaser is one outstanding against the property at the date of the contract of purchase, and this furnishes a key by which the loan may be ascertained without resort to parol evidence." *Massell Realty Co. v. Hanbury,* 165 Ga. 534 (1a) (141 SE 653).

"A court of equity will not decree the specific performance of a contract for the sale of land unless there is a definite and specific statement of the terms of the contract . . . Its terms must be such that neither party can reasonably misunderstand them. It would be inequitable to carry a contract into effect where the court is left to ascertain the intention of the parties by mere guess or conjecture, because it might be guilty of erroneously decreeing what the parties never intended or contemplated." *Williams v. Manchester Building Supply Co.,* 213 Ga. 99, 101 (97 SE2d 129); *Harris v. Porter's Social Club* 215 Ga. 687 (2) (113 SE2d 134).

In view of these rules, how does the contract in this case stand? The consideration for the sale is shown to be $57,500; $18,500 is to be paid to the seller in cash and the assumption of the outstanding loan of approximately $39,000. The balance of the loan is shown to be greater than $39,000. Since the consideration is in a definite amount, and the cash payment is in a definite amount,

how will the difference shown as due on the loan be computed? This court cannot increase the stated consideration for the property, nor can it decrease the stipulated cash payment to the seller. The intention of the parties cannot be ascertained. It follows that specific performance will not lie to enforce this contract.

2. Where a contract is so vague and indefinite in its terms as not to authorize a court of equity to decree specific performance, the complainant cannot allege and recover damages for a breach of contract. *Crawford v. Williford,* 145 Ga. 550 (89 SE 488); *Hamilton v. Daniel,* 213 Ga. 650 (100 SE2d 730); *Waters v. Waters,* 217 Ga. 557 (123 SE2d 765).

3. It follows that the trial court should have granted the defendants' motion for summary judgment.

*Judgment reversed. All the Justices concur.*
ARGUED APRIL 10, 1972—DECIDED MAY 18, 1972—
REHEARING DENIED JUNE 15, 1972.

*Nunn, Geiger & Rampey, D. L. Rampey, Jr.,* for appellants.

*Bloch, Hall, Hawkins & Owens, Wilbur D. Owens, Jr., William T. Exum, F. Kennedy Hall,* for appellee.

