### 27298. DANGLER v. RUTLAND et al.

UNDERCOFLER, Justice. The appellant filed an action seeking specific performance of an option contract to lease certain land or damages in lieu thereof. The trial court dismissed the complaint for failure to state a claim. He appeals. *Held:*

1. Specific performance of an option contract for the lease of land will not be decreed unless the land which is the subject matter of the alleged contract is clearly identified therein. *Higginbotham v. Cooper,* 116 Ga. 741 (42 SE

1000; *Tippins v. Phillips,* 123 Ga. 415 (51 SE 410); *Estes v. Winn,* 136 Ga. 344 (71 SE 470); *Brown v. Mitchell,* 225 Ga. 115 (166 SE2d 571).

2. The option to lease describes the property as follows: "Lessor is the owner of 17 acres of land, more or less located in Land Lot No. 191 of the 5th District of the 3rd Section of Bartow County, Georgia east of the Interstate Highway Number 75 right of way." This is the only description of the land in the instrument.

This description is too vague and indefinite to locate the land and it does not furnish a key by which the land may be identified. "A deed which fails to describe any particular land or to furnish any key to the confines of the land purporting to be conveyed is void." *Luttrell v. Whitehead,* 121 Ga. 699, 700 (49 SE 691); *Allen v. Smith,* 169 Ga. 395 (1) (150 SE 584); *Farrar Lumber Co. v. Brindle,* 170 Ga. 37 (5) (151 SE 923); *Whitfield v. Maddox,* 189 Ga. 870 (4) (8 SE2d 57).

3. Since the description of the land involved in the contract is too vague and indefinite to locate the land and does not furnish a key by which the land may be identified, the complainant cannot recover damages for a breach of the contract. *Crawford v. Williford,* 145 Ga. 550 (89 SE 488); *Hamilton v. Daniel,* 213 Ga. 650 (100 SE2d 730); *Waters v. Waters,* 217 Ga. 557 (123 SE2d 765); *Austin v. Willis,* 229 Ga. 193 (2) (190 SE2d 532).

4. The trial court properly dismissed the complaint for failure to state a claim.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 10, 1972—DECIDED SEPTEMBER 8, 1972— REHEARING DENIED SEPTEMBER 25, 1972.

*Al D. Tull,* for appellant.
*Hugh B. Pettit, Jr., James E. Greene,* for appellees.