## 62692. A CUT ABOVE SANDWICHES, INC. v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

BANKE, Judge.

This is a landlord-tenant dispute. The appellee owns an office park in which the appellant operates a restaurant pursuant to a lease with an original term of five years and an option to renew for an additional five years. When the original term expired, the appellant attempted to exercise the renewal option, whereupon the appellee attempted to terminate the lease pursuant to the following special stipulation contained therein: "Landlord may at its option terminate this lease upon 90 days' prior written notice to tenant if in landlord's sole and absolute discretion tenant fails to satisfactorily conduct its business or exhibits gross negligence in any or all of the following areas: 1. Proper upkeep of landlord's furnishings and equipment. 2. High quality of food and food service. 3. Clean and sightly appearance of the premises . . ." The trial court granted summary judgment to the appellee based on this provision, declaring, in effect, that it authorized the appellee to terminate the lease as a matter of law, based on the uncontroverted evidence of record. This appeal followed. *Held:*

The appellant does not contest the enforceability of the lease provision in question but contends that the appellee's "sole and absolute discretion" as to whether the restaurant was conducted in a satisfactory manner was required by law to be exercised honestly and in good faith. Based on a review of the applicable authorities, we must unhesitatingly agree. See *Mackenzie v. Minis,* 132 Ga. 323 (2) (63 SE 900) (1909); *Rome Industrial Ins. Co. v. Eidson,* 138 Ga. 592 (4) (75 SE 657) (1912); *Fried v. Portis Bros. Hat Co.,* 41 Ga. App. 30 (1, 2) (152 SE 151) (1929); *Atlanta Realty Co. v. Campion,* 94 Ga. App. 136 (93 SE2d 781) (1956); *Commercial Mtg. & Fin. Corp. v. Greenwich Svgs.*

*Bank,* 112 Ga. App. 388 (145 SE2d 249) (1965). Accord *Carasik Group v. City of Atlanta,* 146 Ga. App. 211 (246 SE2d 124) (1978). In other words, the appellee was not entitled to utilize the provision arbitrarily or capriciously, or as a pretext for terminating the lease for some reason other than an honest dissatisfaction with the operation of the restaurant, such as, say, the availability of a prospective tenant offering more money for the space. See *Mackenzie v. Minis,* supra. We find nothing in any of the authorities cited by the appellee which would support a contrary holding authorizing it to terminate the lease arbitrarily.

Notwithstanding the existence of the good faith requirement, however, the grant of summary judgment must be upheld. The record establishes conclusively that the appellee's decision to terminate did in fact result from dissatisfaction with the appellant's operation of the restaurant. The managers in charge of the office park testified that other tenants complained repeatedly of disturbing odors and roaches emanating from the restaurant, as well as poor food quality, poor service, and a negative attitude on the part of its employees. The appellant has cited nothing from the record which would tend to cast doubt on the veracity of this testimony or which would otherwise authorize an inference that the appellee's motives stemmed from something other than these complaints. Whether the complaints were or were not justified is irrelevant. Nor does the fact that the appellee failed to express dissatisfaction with the appellant's performance until the appellant attempted to exercise the renewal option create a material issue of fact, in light of the managers' testimony that they had hoped to avoid a confrontation over the matter by allowing the lease simply to expire.

*Judgment affirmed. Quillian, C. J., Birdsong, Carley and Sognier, JJ., concur. Deen, P. J., Shulman, P. J., and Pope, J., dissent. McMurray, P. J., concurs in the result of the dissent.*

Decided October 9, 1981 —
Rehearing denied November 24, 1981 —

*C. Edward Hansell, Michael T. Thornton,* for appellant.
*Walter W. Mitchell, Jack O. Morse,* for appellee.

Deen, Presiding Judge, dissenting.

Testimony indicated the hamburger chain, McDonald's, was interested in obtaining the premises. Their representative was advised in discussions and negotiations that the appellant's lease would be expiring. With this in mind, as well as the fact that the lease had two years to run, it becomes a jury question as to credibility of the

explanations provided by employees of the landlord. Was the knowledge of roaches, bad odors, poor service and quality of food in the operation the real reason for terminating the lease, or, was the failure to renew a pretext to obtain a new tenant with higher rental payments? As to whether this discretion was exercised honestly and in good faith, while considering credibility and motivation of witnesses in view of the record before us, appears to require a jury trial.

I respectfully dissent. Shulman, P. J., and Pope, J., concur in dissent, and McMurray, P. J., concurs in result of dissent.