## 64958. GREEN v. THE HOUSING AUTHORITY OF THE CITY OF ATLANTA.

DEEN, Presiding Judge.

Green has been a tenant at the Techwood-Clark Howell Homes since 1968, and during much of that time he has served as president of the project's tenants' association. On February 4, 1982, a confrontation occurred between a small group of tenants led by

Green and his wife, and two crews of workers of a roofing contractor hired by the Housing Authority of the City of Atlanta to repair the apartment roofs. Shortly thereafter the Housing Authority notified Green of its decision to terminate his tenancy, on the grounds that Green had violated the lease agreement by threatening personal injury to the roofers if they did not cease working. An eviction proceeding ensued, and at the close of the jury trial the trial court directed the verdict for the Housing Authority.

1. In his first enumeration of error, Green contends that a directed verdict for the Housing Authority was improper because substantial issues of fact existed for jury resolution. Directed verdict is appropriate where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a particular verdict. Code Ann. § 81A-150 (a). Where the evidence strongly supports, but does not demand, a certain verdict, the factual determination remains for the jury. *Barker v. Atlas Concrete Pools, Inc.,* 155 Ga. App. 118 (270 SE2d 471) (1980). Further, the evidence should be construed in the light most favorable to the respondent to a motion for directed verdict. *Francis v. Cook,* 248 Ga. 225 (281 SE2d 548) (1981). In this case the testimony was conflicting over whether Green and/or his wife threatened the roofing contractors on February 4, 1982. Witnesses for the Housing Authority uniformly testified that threatening statements were made, but Green and his witnesses denied such. Construed under the above standard, the evidence strongly supports but does not demand a verdict that a threat of injury occurred, and the trial court erred in removing that factual determination from the jury.

2. Green also contends that the trial court erroneously excluded evidence as to whether the Housing Authority had a retaliatory motive in seeking the eviction. Specifically, the trial court excluded any evidence offered to show that the Housing Authority evicted Green because of his activity in the tenants' association rather than because of the incident with the roofers. The general rule appears to be that "[e]xcept where motive is the foundation of a cause of action, motive for bringing the action is immaterial ... If the cause of action is supported in law and fact, extraneous of the motive for bringing the action, the motive of the plaintiff for denying or availing himself of the remedy to redress the wrong is not material." *Powell v. Blackstock,* 64 Ga. App. 442, 443-444 (13 SE2d 503) (1941). Following that ruling, we uphold the trial court's exclusion of any evidence regarding the Housing Authority's motive.

This court is aware that on some occasions evidence of a landlord's motive to evict has been admitted for purposes of

impeachment. See *Smiths' Properties, Inc. v. RTM Enterprises, Inc.,* 160 Ga. App. 102 (286 SE2d 334) (1981); *A Cut Above Sandwiches, Inc. v. Equitable Life Assur. Society,* 160 Ga. App. 512 (287 SE2d 241) (1981). In those cases, however, the landlord's motive to evict was so fundamental to the cause of action as to be its foundation, while in the instant case the cause of action involved an alleged confrontation between appellant and some roofers and a lease agreement which prohibited certain conduct. As ruled by the trial court, if the Housing Authority could prove that cause of action in law and in fact, any other motive it might have for evicting appellant would be immaterial. Further, neither *Smiths' Properties, Inc. v. RTM Enterprises, Inc.,* supra, nor *A Cut Above Sandwiches, Inc. v. Equitable Life Assur. Society,* supra, would defeat an eviction if the requisite cause for eviction were proven, despite evidence of an ulterior motive.

3. Green also contends that the trial court should have granted his motion for directed verdict because he had not been granted an administrative hearing prior to the eviction proceeding. It does not appear, however, that any administrative grievance procedure was required in the instant case, under the federal regulations delineated at 24 C. F. R. §§ 866.5 et seq. 24 C. F. R. § 866.51 (a) provides that "in those jurisdictions which require that, prior to eviction, a tenant be given a hearing in court containing the elements of due process ... the PHA may exclude from its procedure any grievance concerning an eviction or termination of tenancy based upon a tenant's creation or maintenance of a threat to the health or safety of other tenants or PHA employees." The facts of this case fall within that C. F. R. provision.

The "creation ... of a threat to the health or safety" here alleged was the threat to shoot at the roofing contractor if they did not cease repairing the roof and descend. It could not be seriously argued that a threat to shoot at a crew of roofers on tenant buildings did not constitute a threat to the health or safety of other tenants; if such a threat were followed through, of course the safety of other tenants would be endangered. The violation alleged here could also be said to affect adversely the health of tenants in delaying the repair of the apartment building roofs. Because of the above, this court need not decide whether the roofers, although independent contractors, constituted PHA employees under 24 C. F. R. § 866.51 (a). Lastly, Green had a court hearing which contained the elements of due process. The trial court thus correctly denied Green's motion for a directed verdict on this ground.

*Judgment reversed in part and affirmed in part. Sognier and Pope, JJ., concur.*

Decided October 29, 1982.

*Frank P. Samford III,* for appellant.
*Alfred J. Turk III,* for appellee.