### 23035. FAMBROUGH v. CANNON.

CANDLER, Presiding Justice. The parties to this contempt proceeding were divorced on June 29, 1964. Prior to the divorce decree but while such action was pending, they entered into a written contract whereby the father agreed to pay the mother $300 per month for the support and maintenance of their four minor children and the contract was by agreement incorporated in and made a part of the decree. Since such decree was entered, he has paid her $1,650 for the support and maintenance of their children, leaving a balance due on the decree of $450. The mother filed a proceeding against him and prayed that he be held in contempt of the court for his failure and refusal to comply with the terms of the decree. His defense to her proceeding was that the decree did not "order" him to pay the monthly amounts fixed thereby and that he was financially unable to comply fully with its terms. The evidence shows that he has good health and is by trade a cabinetmaker. However, he testified that he had been out of work for three weeks prior to

the contempt hearing but had three jobs coming up which would be ready for him within a week. He was adjudged in contempt for his failure and refusal to make in full the monthly payments awarded for the support and maintenance of his children but the order provided that he could purge himself of the contempt by paying the amount due in three subsequent payments at specified times in the future. The exception is to that judgment. *Held:*

1. Where, during the pendency of a divorce and alimony suit, the parties enter into a written contract whereby they settle alimony rights, including support and maintenance for their minor children, and such contract is approved by the court and by agreement incorporated in and made a part of the final decree, it thus becomes and is an adjudication of that issue and enforceable as any other judgment or decree for alimony, including child support. Hence, there is no merit in defendant's contention that such a decree cannot be enforced by contempt proceedings. *Wilson v. Chumney,* 214 Ga. 120 (1) (103 SE2d 552), and citations.

2. Since the evidence shows that the defendant has good health and is by trade a cabinetmaker but who is only temporarily unemployed, we cannot say that the trial judge erred in holding him in contempt for his failure and refusal to pay past due installments amounting to $450 for the support and maintenance of his minor children; and this is especially true since the only excuse he gave for nonpayment thereof was his unemployment for the three weeks immediately prior to the contempt hearing. See, in this connection, *Reese v. Reese,* 189 Ga. 314 (5 SE2d 777), *Shahan v. Shahan,* 204 Ga. 342 (49 SE2d 822), and *Dickens v. Dickens,* 211 Ga. 796 (1) (89 SE2d 161), which hold that the burden is on one who fails and refuses to pay an award for alimony or child support and maintenance to show that he has in good faith exhausted all of the resources at his command and has made a diligent and bona fide effort to comply with the decree awarding alimony or child support.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 12, 1965—DECIDED SEPTEMBER 13, 1965.

*Doyle C. Brown,* for plaintiff in error.