42920.   HATTRICH et al. v. STATE OF GEORGIA et al.

Argued June 30, 1967—Decided September 7, 1967.

Findley, Gannam, Head & Buchsbaum, James E. Findley, Allen & Edenfield, Avant Edenfield, for appellants.

Cohen Anderson, Solicitor General, Harold W. Hollingsworth, for appellees.

Deen, Judge. 1. The basic attack on the composition of the school board was that in the preceding election ballots had not been provided for the three positions for members whose terms had ended; that certain write-in votes were cast resulting in the re-election of two of these three members and the election of a new man, but that the write-in votes had failed to specify the posts to be assigned to each. It does not appear that the election results had been contested, and this question is raised for the first time in a proceeding collateral to and entirely separate from the election of the school board members. In *Jennings v. New Bronwood School District*, 156 Ga. 15 (1) (118 SE 560) it was held, as against the contention that there were no school district trustees authorized by law to pass the resolution and hold the election for the bonds: "The officers, acting as trustees, were at least de facto officers, and their authority cannot be attacked collaterally in this proceeding for validation of bonds."

The evidence here by no means demands a finding that the Screven County Board of Education was improperly constituted.

2. The plaintiff's Exhibits 5 and 6 were objected to on the ground that the notice of the bond election was run during the last week of 1966 in one newspaper, and the remaining time in January, 1967, in another newspaper without proof that these were the official papers. Both exhibits contain a copy of the advertisement authenticated by the affidavit of the publisher which recites that the paper in question was at the time the paper in which the sheriff's advertisements appeared, as required by *Code Ann.* §§ 87-201 and 32-1403.1. When the objection was first made counsel offered to produce testimony of the matters contained in the affidavit. After a colloquy the court stated: "I'll let them go for that purpose, I'll listen to any objections you've got later on." Since the objection was not renewed, it must be deemed to have been waived. *Cawthon v. State,* 119 Ga. 395 (7) (46 SE 897).

3. *Jennings,* 156 Ga. 15, supra, and *Harrell v. Town of Whigham,* 141 Ga. 322 (80 SE 1010) emphasize that in a bond validation case where an intervention has been filed by citizens and taxpayers of the political subdivision involved, it is the intervenors who are quasi-defendants, and the technical adversary position between the governing authority and the solicitor general, acting for the State, will not permit these two entities by admissions in pleadings to establish as proved the essential allegations of the petition for validation, but (as held in the second headnote of *Harrell*) "the burden is on the State, acting through its solicitor general, to prove the material facts which are requisite to obtain validation; and where there is a total absence of such proof, it is error for the court to render judgment validating the bonds." The appellant here insists that this means literally that the essential proof in support of the pleadings must be offered by the solicitor general and no other, and that where, as here, the solicitor allowed counsel for the school district to introduce the evidence instead of doing it personally the trial was a nullity. We know of no law which would prevent the evidence from being introduced by any party to the proceedings so long as it was relevant and established the existence of facts

necessary to the validation of the bonds, and so long as the case was proved by evidence and not merely by admissions by the governing authority of the assertions of the State. This objection is entirely without merit.

*Judgment affirmed.   Jordan, P. J., and Quillian, J., concur.*