47690. AVERETTE v. DEEN et al.
47691. OLIVER v. DEEN et al.

EBERHARDT, Presiding Judge. Mrs. Faithie Deen brought suit against Hardee Averette and Wilton Oliver for the wrongful death of her husband, George Deen. The complaint alleged that plaintiff's husband died as a result of injuries sustained in an intersection collision between an automobile driven by Averette, in which the deceased was a passenger, and one driven by Oliver. The defendants answered, each blaming the other for the collision. The jury returned a verdict against both defendants, and each appeals. *Held:*

1. *Both Appeals.* Both defendants assert that "there is absolutely no evidence that Mr. Deen died as a result of injuries received in the collision," pointing out that there was no testimony by the attending physician to this effect nor a tender of a certified copy of the death certificate, and contending that since Mr. Deen was 68 years of age "it was as likely that Mr. Deen died from some natural cause as it was that he died as a result of injuries sustained in the collision." However, plaintiff testified: "Q. All right. I understand he sustained multiple rib fractures and chest injuries in the collision? A. Yes. Q. And he died in Savannah? A. In Savannah, three days later. Q. Was that on or about June 28, approximately three days later that he died? A. Yes, he died on the 28th and the accident was the 25th and he died the 28th."

Additionally, a passenger in the Averette vehicle testified: "Q. You don't remember where you were? A. I don't remember where I was at, just 'cept me and Mr. George was talking. Q. All right. George, that's Mr. Deen that was killed in this wreck? A. Yes, sir." The latter testimony was not objected to. "No objection was interposed to any of this evidence on the ground that

the witnesses were attempting to testify, without a foundation being first laid, as to the proximate cause of death. Special Ground 1 of the amended motion for new trial, which contends that there was no competent evidence in the record as to the cause of death, is without merit." *French v. State,* 99 Ga. App. 149 (2) (107 SE2d 890). This evidence was sufficient to authorize the jury to find that the death resulted from injuries received in the collision, rather than from natural causes of which there was no evidence. Cf. *Old Colony Ins. Co. v. Dressel,* 220 Ga. 354, 357 (138 SE2d 886); *McCarty v. National Life & Acc. Ins. Co.,* 107 Ga. App. 178 (2) (129 SE2d 408); *Henry Grady Hotel Corp. v. Watts,* 119 Ga. App. 251, 252 (167 SE2d 205).

2. *The Averette Appeal.* The court conferred with counsel prior to the charge and, based upon testimony elicited from defendant Averette on cross examination, concluded that Mr. Deen was not a guest passenger in his automobile and removed this issue from consideration by the jury by charging on ordinary care and failing to charge on gross negligence. The testimony from Averette in this regard is rather lengthy, but suffice it to say that the court was quite correct since Averette admitted that the deceased's presence in the automobile was at his invitation and was benefiting his percentage interest in his mother's partnership, which employed the deceased. Averette's enumerations two through five are without merit. *Holtsinger v. Scarbrough,* 69 Ga. App. 117 (2) (24 SE2d 869); *Wright v. Lail,* 105 Ga. App. 261 (124 SE2d 487).

3. Averette's enumeration 6, complaining that "The court erred in giving confusing charges to the jury relative to the right of way of the respective vehicles by failing to fully instruct the jury as to how such rules should be applied," and the exceptions upon which the enumeration is based, fail to show reversible error.

*Judgments affirmed. Pannell and Stolz, JJ., concur.*

ARGUED JANUARY 9, 1973 — DECIDED FEBRUARY 2, 1973.

*Zorn & Royal, William A. Zorn,* for Averette.
*Gibbs & Leaphart, Alvin Leaphart,* for Oliver.
*Taylor, Bishop & Lee, A. Blenn Taylor, Jr.,* for appellees.