## 33500. NESBIT v. NESBIT.

BOWLES, Justice.

Andrea Nesbit, now Cockrum, brought a citation for contempt against Joseph Howard Nesbit, her former husband, based on his failure to comply with a final judgment and decree from DeKalb Superior Court in the year 1972, wherein she was granted a divorce, alimony and child support. The decree incorporated a separation agreement entered into by the parties requiring Mr. Nesbit to pay his wife $150 per month alimony, which would cease upon her death or remarriage; premiums on certain life insurance policies as they became due; certain debts incurred while the parties lived together; and $100 per month for each of the couple's four children, all of whom continue to be minors.

The only testimony at the contempt hearing was offered by the wife, who testified in regard to the amounts that have become due and the amounts received from her former husband during the several years in question. Although portions of her testimony were not entirely clear, and may even be considered vague and uncertain, other portions were clear and undisputed.

The wife testified that following the divorce her husband requested that he send her all of his payroll checks, and that she pay his personal bills from this sum, as well as certain obligations which were required to be paid pursuant to the divorce decree, including the support payments. This evidence was undisputed.

The appellant remarried in August, 1975. The amount paid by the husband and the amounts credited by

the wife through 1975 show an overpayment, subject to reduction by credits for the husband's personal bills paid by the wife. If these were the only years involved we would say that the trial court did not abuse his discretion in refusing to hold Mr. Nesbit in contempt.

However, for the year 1976, Mr. Nesbit incurred an undisputed obligation of $4,800 for child support. He proved by checks that he paid the total sum of $3,325. The wife testified that she received $4,225. Under any construction of the evidence, he was in arrears for the year 1976 in the minimum sum of $575.

For the year 1977, or for eleven months thereof, which were applicable prior to hearing on this citation for contempt, he incurred a total obligation for child support in the amount of $4,400. Against this he introduced checks showing that he paid $3,250 and this figure coincides with the amount the wife admitted having received. Thus, there was an arrearage of $1,150 for 1977 as of November, 1977.

The trial judge concluded that the wife had not carried her burden of proof and refused to hold Mr. Nesbit in contempt. Upon order being entered to that effect, the wife filed a motion for new trial and a motion to set aside the judgment, which the trial judge overruled. She appeals to this court.

1. For the years 1976 and 1977, appellant presented a case of failure to pay child support, and with that the burden shifted to the defendant to show "he has in good faith exhausted all of the resources at his command and has made a diligent and bona fide effort to comply with the decree awarding alimony or child support." *Gillen v. Bostick,* 234 Ga. 308, 311 (3) (215 SE2d 676) (1975); *Fambrough v. Cannon,* 221 Ga. 289, 290 (144 SE2d 335) (1965). This the defendant did not do.

2. The direct and positive testimony of an unimpeached witness which is not inherently improbable, incredible or unreasonable and which is not contradicted, cannot be arbitrarily disregarded by the trier of fact. 11 EGL, Evidence, § 150; *Myers v. Phillips,* 197 Ga. 536 (29 SE2d 700) (1944); *Lankford v. Holton,* 187 Ga. 94 (200 SE 243) (1938); *Averette v. Deen,* 128 Ga. App. 52 (195 SE2d 924) (1973).

The trial court reached its conclusion based on an erroneous legal premise that the entire burden of proof was upon movant.

Thus, the matter must be returned to the trial court for further consideration based on the above principles of law.

*Judgment reversed. All the Justices concur.*

Submitted May 8, 1978 — Decided May 23, 1978.

*Read, Huddleston & Medori, Charles D. Read, Jr.,* for appellant.

*Dennis C. O'Brien,* for appellee.