## 34248. GILLIS v. GILLIS.

NICHOLS, Chief Justice.

The husband appeals from a judgment finding him in criminal contempt and ordering him to be incarcerated for ten days for nonpayment of child support and attorney fees.

1. He enumerates as error the trial court's order holding him in contempt. This court has held that imprisonment for nonpayment of financial obligations established by an order issuing out of divorce proceedings "is not imprisonment for debt where the contemnor is found to be able but unwilling to pay." *Ensley v. Ensley,* 239 Ga. 860, 862 (238 SE2d 920) (1977), and cits. Ability to pay, as well as unwillingness to pay, thus is an element to be proven.

Counsel for the husband and for the wife stipulated that the defendant was on active duty in the United States Air Force. This was sufficient proof of capacity of the husband to labor to support his children. The trial court could take judicial notice of the fact that all persons on active duty in the Air Force receive a salary from the United States by law. *City of Carrollton v. Walker,* 215 Ga.

505 (111 SE2d 79) (1959). Thus, there were stipulations, facts and matters within the court's judicial cognizance supporting a prima facie case of the husband's ability to support his children. If the husband's Air Force salary was subject to forfeiture, it was his burden to establish this fact in defense of the contempt citation. *Arnold v. Arnold,* 195 Ga. 304 (24 SE2d 12) (1943); *Roberts v. Roberts,* 238 Ga. 256 (232 SE2d 534) (1977). He declined to appear personally and to present any facts in defense of his conduct. This enumeration of error is without merit.

2. The husband filed a motion under the Soldiers and Sailors Relief Act asking that the proceedings be continued or abated. The trial court continued the proceedings. The husband appeared through counsel on the date to which the proceedings had been continued, but the motion was not renewed. Under the facts of this case, this court cannot conclude that the trial court abused its discretion in not continuing or abating the action upon his own motion.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 10, 1978 — DECIDED JANUARY 23, 1979.

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellant.

*Jay, Garden, Sherrell & Smith, John Edward Smith, III,* for appellee.