## 34321. HARDEN v. HARDEN.

PER CURIAM.

The former wife appeals from a judgment entered in favor of the former husband in her contempt action for nonpayment of child support.

The agreement incorporated into the final judgment and decree of divorce provides in relevant part that "So long as financially able the Husband shall pay one-half (1/2) of the expenses incurred by the son of the parties, Lee Hall Harden, hereinafter referred to as the 'Child,' so long as he is under twenty-two and one-half (22 1/2) years of age, unmarried and not fully self-supporting, to secure a four (4) year college or university degree or a trade or business school degree which shall include tuition, books, marticulation [sic] fees, room and board and any usual ordinary and necessary expenses."

There is no provision in the agreement that any child support payments were to be paid *to* the wife at any time. Four other provisions in the agreement specifically stated that benefits were to go *to* the wife. It is uncontradicted that the "child" was 18 years of age at the time of the contempt hearing. Accordingly, the payments may be made directly to the adult child. *McClain v. McClain,* 235 Ga. 659, 663 (4) (221 SE2d 561) (1975).

The former husband is not required by law to make payments of this nature and only incurs these obligations when there is a lawful agreement incorporated into a divorce decree. *McClain v. McClain,* supra. Under these circumstances, the words "so long as financially able" have some meaning beyond what is involved in all contempt proceedings. Cf., *Mason v. Mason,* 232 Ga. 336, 337 (206 SE2d 479) (1974); *Gillis v. Gillis,* 243 Ga. 1 (1979). Furthermore, even if those words add nothing to the case that is not involved in all contempt proceedings for non-payment of child support, the judgment of the trial court still is supported by some evidence and must be upheld. After considering all the evidence, the trial court refused to hold the former husband in contempt of court. This court must accept that determination unless we go further and determine that the trial court *grossly* abused its discretion. *Hawkins v. Edge,* 218 Ga. 463, 464 (128

SE2d 493) (1962). If there is *any* evidence to support the trial court's determination, the judgment must be affirmed on appeal. *Crowder v. Crowder,* 236 Ga. 612 (225 SE2d 16) (1976).

The former husband testified that at the end of each month after payment of certain expenses, he was left with $32.02, and that was without provision for clothing, auto insurance and maintenance, or health care. This evidence is sufficient to meet the "any" evidence test and affirm the trial court's decision that the former husband is financially unable to do more.

*Judgment affirmed. All the Justices concur, except Hall and Hill, JJ., who concur in the judgment only, and Nichols, C. J., who dissents.*

SUBMITTED DECEMBER 8, 1978 — DECIDED MARCH 15, 1979.

*Redfern, Butler & Morgan, Rex M. Lamb, III,* for appellant.

*W. Kenneth London, S. Alan Schlact,* for appellee.

NICHOLS, Chief Justice, dissenting.

The facts and the law lead me to a different result. Accordingly, I must dissent.

The majority states that there is no provision in the agreement that any child support payments were to be paid to the wife at any time. Accordingly, in reliance upon *McClain v. McClain,* 235 Ga. 659, 663 (4) (221 SE2d 561) (1975), the majority holds that the husband may make the required payments directly to the adult child. In my opinion, the majority correctly states an abstract principle of law but overlooks material portions of the record which disallow the rule's application in the present case.

The first sentence of the third paragraph of the agreement is set forth in the majority opinion. The second and final sentence of that paragraph reads as follows: "The Husband shall not be required to pay any of the foregoing expenses until the four hundred (400) shares of Citizens and Southern National Bank common stock have been sold and the proceeds from the sale thereof have been

exhausted for such expenses *as is hereinafter provided."* (Emphasis added.) The tenth paragraph of the agreement reads as follows: "The parties presently own four hundred (400) shares of common stock in the Citizens and Southern National Bank. The parties shall sell the said stock immediately and *the proceeds* from such sale *shall,* after payment of any capital gains taxes owed by the parties as a result of such sale, *be held and used by the Wife to pay the child's education expenses referred to in Paragraph 4 [sic] hereof."* (Emphasis supplied.) I have no difficulty in concluding that the third and tenth paragraphs of the agreement are part and parcel of each other and constitute but one undertaking of the parties that the *wife* was to receive monies from which she would pay the adult child's college expenses. Accordingly, the agreement is *not* silent as to the identity of the agreed-upon recipient of the monies, and Division 4 of *McClain v. McClain,* supra, is not applicable in the present case. The foregoing provisions of the agreement probably explain why the parties raised no issue in the trial court or in this court concerning the person to whom the sums were payable.

The decisions that should have been applied by the majority are those holding that where the wife is entitled to the payments, the husband may not credit himself with any payments made by him directly to the child. *Combs v. Combs,* 216 Ga. 715 (119 SE2d 341) (1961); *May v. May,* 229 Ga. 832 (195 SE2d 7) (1972); *Arnold v. Arnold,* 236 Ga. 594, 595 (225 SE2d 30) (1976).

Secondly, I must disagree with the majority's holding that the words "so long as financially able" mean something different in the present case from what they mean in other contempt actions for nonpayment of child support. The majority correctly holds that but for the agreement in issue, the husband-father would have no child support obligation. *Hall v. Hall,* 240 Ga. 28 (239 SE2d 356) (1977); *Coleman v. Coleman,* 240 Ga. 417 (240 SE2d 870) (1977); *McClain v. McClain,* supra. What the majority fails to make clear, however, is how or why the insertion of these words into the agreement diminishes the obligation of support that the father has chosen to undertake. *McClain v. McClain,* supra. I would hold that the words "so long as financially able" add nothing to this

case that is not involved in all contempt proceedings for nonpayment of alimony or child support because the obligation of the trial court in all such proceedings is to determine if the husband wilfully has disobeyed the order of the court by determining his ability to pay. *Mason v. Mason,* 232 Ga. 336, 337 (206 SE2d 479) (1974); *Gillis v. Gillis,* 243 Ga. 1 (1979).

Thirdly, although I agree with the majority's holding that the "any evidence" rule is the correct standard of review in this court of the factual findings of the trial courts in child support cases, I cannot agree that the "any evidence" rule controls the disposition of the present appeal. There was no issue in the trial court as to whether or not the sums in question had been paid. All the evidence was that they had not been paid. The wife contended that the husband *would* not pay. The husband contended he *could* not pay. The ruling of the trial court, as stated from the bench, and as set forth in the judgment from which the present appeal was taken, was that *the evidence presented by the wife* was insufficient for the court to find the husband in wilful contempt. Where the trial court proceeds upon the wrong legal theory in reaching its judgment, the case must be remanded to be decided under proper principles. As this court recently held in an action by a former wife against her former husband for nonpayment of child support, "The trial court reached its conclusion based upon an erroneous legal premise that the entire burden of proof was upon movant. Thus, the matter must be returned to the trial court for further consideration . . . " *Nesbit v. Nesbit,* 241 Ga. 351, 353 (245 SE2d 303) (1978). The rule that the trial court should have applied in considering the evidence is that the burden was upon the husband to show he had, in good faith, exhausted all of the resources at his command, and had made a diligent and bona fide effort to comply with the decree awarding child support. *Reese v. Reese,* 189 Ga. 314 (5 SE2d 777) (1939); *Shahan v. Shahan,* 204 Ga. 342 (49 SE2d 822) (1948); *Fambrough v. Cannon,* 221 Ga. 289, 290 (144 SE2d 335) (1965); *Mahaffey v. Mahaffey,* 238 Ga. 64 (230 SE2d 872) (1976); *Roberts v. Roberts,* 238 Ga. 256 (232 SE2d 534) (1977); *Thompson v. Cheshine,* 239 Ga. 51 (235 SE2d 520) (1977); *Alford v. Alford,* 241 Ga. 158 (244

SE2d 12) (1978); *Nesbit v. Nesbit,* supra.

In deciding whether or not the husband has carried this burden, the fact that the husband owns an automobile should be considered. *Thompson v. Cheshine,* supra. The trial court should consider that "ability" to pay child support must be measured by the income that the husband could be earning by working longer hours or additional days as well as by the income he actually may be earning. *Arnold v. Arnold,* 195 Ga. 304 (24 SE2d 12) (1943); *Pierce v. Pierce,* 241 Ga. 96, 98-99 (243 SE2d 46) (1978).

The sums in issue in this case are trifling. The wife sought reimbursement from the husband of $203 she had paid for housing, food and fees, and $70 for books for the previous school quarter. She sought from the husband $1,102.50 for the next school year. The husband testified that he had budgeted $600 for payment to the adult child for the next year, leaving a total sum in issue between the parties of $775.50 for both school years.