66972. NELMS et al. v. DORSEY.

McMURRAY, Presiding Judge.
This is a landline dispute. This action began as one seeking a declaration as to the location of the coterminous dividing line between the plaintiffs' west property line and the defendant's east property line, the same being the west line of Land Lot 60 and the east line of Land Lot 61, both in the 7th District of Henry County, Georgia, and to declare its exact location on the ground. All other

issues (equitable and damages) were eliminated at trial by the stipulation of the parties and that the matter could be heard by the trial court without the intervention of a jury.

After a trial, the court rendered its findings of fact and conclusions of law. It determined the parties could not agree as to the location of the dividing line on the ground, the same being the land lot line between Land Lots 60 and 61, 7th District of Henry County, Georgia, and both parties having had several surveys made, and the surveyors could not agree on its location. The court then recited that after consideration of all the documents, deeds and plats and going on the premises with the surveyors for both parties and examining all markings, stakes, trees, hedgerows, fences and gulleys or other material or manmade indications of the land lot line, the court determined from all the evidence that the dividing line was as shown on a certain plat of survey recorded in the court records as being between two iron pins along a hedgerow (the northern pin located just west of a pasture fence and the south end marked by an iron pin near the corner of a new fence recently erected). The plat referred to discloses this line as running S 1° 45′ 01.7″ W and as a continuation of a land lot line running south from an iron pin on the northerly side of a road and through another original north land lot corner at a white oak tree and through the northwest corner of Land Lot 60 and the northeast corner of Land Lot 61 located in Camp Ground Road, having an 80′right of way. In so determining the dividing line the court disregarded a north-south line (S 2° 02′ 44.7″ E) having a fence and several iron pins located thereon approximately 18′ to the east of the dividing line so determined by the court. Plaintiffs, being dissatisfied with the line as found, appeal. *Held:*

1. The first enumeration of error contends the court's determination of the dividing line was contrary to a landline agreement designating the west land lot line of Land Lot 60, 7th District, Henry County, Georgia, as the agreed upon dividing line. This particular agreement is found in Exhibit "D" attached to the pleadings. As stipulated by the parties the trial court was authorized to consider every document, deed and deposition as found in the record, as well as the limited transcript of the single witness offered at trial. This landline agreement determines that the dividing line is the west land lot line of Land Lot 60 (also the east land lot line of Land Lot 61). The location of this line on the ground is exactly what the court determined, that is, the location of the west land lot line of Land Lot 60 and the east land lot line of Land Lot 61 as the dividing line. There is no merit in this complaint.

2. When the first and sole witness was called, an objection was made to any oral testimony as to the location of the dividing line or

any line agreement between the parties as to the location of said line as being irrelevant and immaterial. The court held that if the parties had agreed to a dividing line that was the land lot line, anything that would illustrate its location would be helpful to determine its location. The court then deferred a further ruling until later, that is, it would "hear from you later." However, no further objection was made to the testimony, and the court made no other ruling.

First of all, the court, sitting without a jury, would eliminate the wheat from the chaff with reference to irrelevant and immaterial evidence, and "it is presumed that in [its] consideration of the evidence" legal testimony was selected. *Dowling v. Jones-Logan Co.,* 123 Ga. App. 380, 382 (3) (181 SE2d 75). See also *Bailey v. Holmes,* 163 Ga. 272 (3), 275 (136 SE 60); *Nelliger v. Atlanta Baggage &c. Co.,* 109 Ga. App. 863 (3), 866 (137 SE2d 566). Further, the testimony here was admitted without objection since no further objection was made except at the commencement of this witness' testimony. This evidence has been admitted without any objection. *Dept. of Transp. v. Worley,* 150 Ga. App. 768, 772 (5) (258 SE2d 595); *Hattrich v. State,* 116 Ga. App. 281, 283 (2) (156 SE2d 925). Also, no particular portion of this witness' testimony has been pointed out in the transcript as being irrelevant and immaterial. If this witness had any knowledge as to the location of the land lot line that would illustrate its location such testimony would be relevant and material as the court so held at the commencement of his testimony, that is, "anything that would illustrate" the location on the land lot line. We find no merit in this complaint.

3. Considering the totality of the evidence considered by the trial court there was evidence sufficient to support the trial court's conclusion as to the location of the boundary line, that is, the land lot line between Land Lots 60 and 61 in the 7th District of Henry County, Georgia. We note here as stipulated and agreed to by the parties, the trial court, with the two surveyors, went upon the premises and "examined all markings, stakes, trees, hedgerows, fences and gulleys or other material or manmade indications of the land lot line." The trial court did not establish an unascertained line as was the case in *Warwick v. Ocean Pond Fishing Club,* 206 Ga. 680 (1) (58 SE2d 383), cited by the plaintiffs. The case sub judice did not depend upon the establishment of a dividing line by acquiescence. The trial court declared a primarily marked and established line as being the correct dividing line as the land lot line even though there existed another line which the plaintiffs contend was the correct and definite land lot line dividing the land lots. We find no merit in this complaint.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 17, 1983.

*Wayne H. Fore,* for appellants.
*H. Eugene Brown, Robert T. Romeo,* for appellee.