## 75807. DEPARTMENT OF TRANSPORTATION v. COLLINS.

(370 SE2d 825)

BEASLEY, Judge.

DOT appeals in this condemnation case, claiming four errors in evidentiary rulings made by the trial court during the condemnees' appeal to a jury. OCGA § 32-3-16.

The condemnation was of 1.966 acres on both sides of a state highway. Two advertising signs were located on the condemned property, one on each side of the road. During its case, DOT attempted to show that it had purchased one of the signs from the company which DOT contended owned it. This evidence, however, was disallowed and forms the basis of DOT's fourth enumeration. The third enumeration claims error in the court's refusal to admit a copy of a check from this company to Collins. The check was tendered during DOT's cross-examination of Collins.

When condemnee Collins testified on direct examination, he was asked what his "understanding" was with the people who had originally installed and leased the signs from him about who owned the signs. This question was objected to by DOT on several grounds and was overruled. The question was rephrased nevertheless, and Collins was asked what the agreement was. No objection was made and the question was answered. The first two enumerations relate to the initial question and the later motion of DOT to strike certain redirect testimony on this same issue.

1. On redirect examination, Collins was asked two more questions about ownership of the signs, neither of which was objected to. On the next day after both sides had closed, DOT moved to strike this latter testimony, on the ground that there was no evidence of who actually owned those signs and that Collins' understanding of who owned them might be different from the other party to the agreement.

Pretermitting the issue of waiver of any objection by DOT's fail-

ure to object at the time of introduction, *Nelms v. Dorsey*, 168 Ga. App. 452, 454 (2) (309 SE2d 426) (1983) and *Hall County Mem. Park v. Baker*, 145 Ga. App. 296, 298 (4) (243 SE2d 689) (1978), neither of the grounds presented in the motion to strike go to admissibility of the evidence. The first, that there was no evidence of who owned the signs, was an incorrect statement of what had been introduced. Collins testified that he owned them, which was evidence of that fact. *Nesbit v. Nesbit*, 241 Ga. 351, 352 (2) (245 SE2d 303) (1978). This was uncontradicted by DOT and was a sufficient basis for denying the motion to strike on that ground. *Brown v. Techdata Corp.*, 238 Ga. 622, 628 (234 SE2d 787) (1977).

As to the second, concerning the correctness of Collins' understanding with the sign companies, this was a mere statement of counsel's contentions and was not the subject of any evidence before the court. Collins had testified what the agreement was. This did not provide any ground for granting the motion to strike.

DOT's argument in its brief concerning the proof of condemnees as to the value of the signs was not the subject of any objection or ruling below and is not enumerated as error. It will not be considered. *Velkey v. Grimes*, 214 Ga. 420, 421 (105 SE2d 224) (1958); *Dean v. State*, 163 Ga. App. 29 (1) (293 SE2d 492) (1982).

2. During the cross-examination of Collins, DOT showed him a copy of a 1980 check and its connected memorandum, purporting to be rent for one year to Collins from Lamar Corporation, the company which DOT contended was the owner of one of the signs. Mr. Collins could not positively identify it, other than to agree that it appeared to be a copy of a check from Lamar to him. The copy was tendered by DOT and objected to by Collins on the ground that it was not relevant and no foundation had been laid for its admission, nothing having been shown as to the reason for the check, its authenticity, or its connection with the sign at issue. Although DOT asked Collins further questions, it was unable to elicit any more information about the check. The court sustained the objection, which is here complained of.

Condemnor offered the check copy to impeach Collins as to value of the billboards. There was no connection shown between the document and the issue, thus its relevance was not established. OCGA § 24-2-1; Agnor's Ga. Evid., § 10-1. Nor was there any showing that due diligence was exerted but failed to produce the original. OCGA § 24-5-21 et seq. Nor was there any proof that the copy was made in the regular course of business so as to make it admissible. OCGA § 24-5-26. These hurdles were required to be met before the copy was admissible for any purpose, including impeachment.

3. In its last enumeration, DOT claims error in the court's refusal to admit the original of a purported sign conveyance by which DOT contended it had purchased one of the signs from Lamar, as well as

oral testimony that the purchase had been made.[1] The document was tendered and testimony given by a right-of-way specialist with DOT. He stated that he was not present when the conveyance was signed nor could he otherwise identify it except as a part of DOT's records. The document tendered was not signed by anyone from DOT. It was objected to on the ground that it had not been authenticated and no adequate foundation for its admission had been proven. His testimony that the sign had been purchased was objected to as hearsay, he having stated he was not present when the sale was made and that he had no personal knowledge of the sale, but gained information from the outdoor advertising section of DOT and as a member of the acquisition team.

The writing sought to be introduced was never authenticated and thus was not admissible. OCGA §§ 24-7-1; 24-7-4; 24-7-5. The testimony was hearsay and not admissible. OCGA § 24-3-1.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JUNE 21, 1988.

*Michael J. Bowers, Attorney General, Glenn Whitley, Special Assistant Attorney General, for appellant.*

*D. Lynn Kelley, for appellee.*

---

[1] DOT does not explain how Lamar could be both lessee of the sign, as payer of the excluded one-year "lease" check, and its owner.