### S94A0220. CHARLES v. LEAVITT.
(442 SE2d 241)

HUNSTEIN, Justice.

Michelle Leavitt brought a contempt action against her former husband, Nicholas Charles, alleging that his failure to assume financial responsibility for the college education of the parties' two children violated the parties' settlement agreement. The trial court refused to dismiss Leavitt's action and we granted Charles' application for discretionary review. We reverse.

The settlement agreement negotiated and entered into by the parties provides in pertinent part in Paragraph 15 that should the parties' children desire to attend college, Charles would assume certain financial responsibilities "to the extent his then existing financial condition permits, of which he will be the sole judge." In support of his motion to dismiss Charles averred that "[b]ased on my current financial situation, I have determined that I am financially unable to pay for the college education expenses of my children."

Charles' assumption of the obligation to provide child support past his children's age of majority is wholly dependent on the terms set forth in the agreement. See *Harden v. Harden,* 243 Ga. 285 (253 SE2d 769) (1979). A review of Paragraph 15, however, reveals that the promise contained therein is wholly dependent upon Charles' sole determination as to the feasibility of a future cost. Such a promise lacks mutuality. See *Hopkins v. Steele,* 164 Ga. App. 527, 528 (297 SE2d 528) (1982); *Clayton McLendon, Inc. v. McCarthy,* 125 Ga. App. 76 (2) (186 SE2d 452) (1971). This is not an instance in which the agreement required any performance by Leavitt or the parties' children that would impact upon Charles' determination of the economic feasi-

bility of paying the education costs. Compare *Hatfield v. Teachers Ins. &c. Assn.*, 146 Ga. App. 642 (2) (247 SE2d 161) (1978); *Commercial Mtg. &c. Corp. v. Greenwich Savings Bank*, 112 Ga. App. 388, 390 (145 SE2d 249) (1965). Hence, contrary to Leavitt's argument, Charles' evaluation of his financial condition was left to his unfettered control and discretion and need not have been exercised in good faith.

Therefore, because Paragraph 15 is legally unenforceable,[1] the trial court erred by denying Charles' motion to dismiss Leavitt's contempt action.

*Judgment reversed. All the Justices concur; Hunt, C. J., not participating.*

DECIDED MAY 2, 1994.

*McLain & Merritt, Christopher D. Olmstead, Charlotte K. Clark*, for appellant.

*Davis, Matthews & Quigley, Baxter L. Davis, Sylvia A. Martin*, for appellee.

---

[1] Because the settlement agreement did not consist of a single promise, based on a single consideration, but rather was founded on a legal consideration containing a promise to do several things or to refrain from doing several things, and only the promise regarding the college education payments is legally unenforceable, the remaining promises, which are not illegal, remain valid. See OCGA § 13-1-8; *Horne v. Drachman*, 247 Ga. 802, 805-806 (280 SE2d 338) (1981); *Kem Mfg. Corp. v. Sant*, 182 Ga. App. 135 (4) (355 SE2d 437) (1987).