A01A0032. CAPRICORN SYSTEMS, INC. v. PEDNEKAR.
(546 SE2d 554)

ELDRIDGE, Judge.

Capricorn Systems, Inc., employer/plaintiff, sued Dinesh Pednekar, employee/defendant, for breach of an employment contract that required the computer consultant to either complete a job assignment or provide one month's minimum notice prior to voluntary termination of employment and provided for $50,000 in liquidated damages. In addition to the unenforceable liquidated damages provision, the contract also contained two unenforceable restrictive covenants that were void. However, the contract contained a severability clause that allowed the other contract terms to survive. The complaint contended that defendant's leaving the plaintiff's employment without a month's notice caused it damage with the client. However, plaintiff neither pled nor proved any damages other than the liquidated damages, which it sued to recover. The trial court granted summary judgment to the defendant, because the void restrictive covenants voided the entire contract. Plaintiff appeals. We

reverse, because the termination notice provision is not a restrictive covenant, and the entire contract was not voided by the void provisions.

1. Plaintiff contends that the trial court erred in treating the employee pre-termination notice as a restrictive covenant. We agree.

The employee's contractual duty to provide a specified termination notice to the employer under the contract is not a restrictive covenant and does not constitute a covenant that falls along with the void restrictive covenants in the contract. See generally *Kuehn v. Selton & Assoc., Inc.*, 242 Ga. App. 662, 667 (5) (530 SE2d 787) (2000).

Notice provisions in contracts "must be reasonably construed." *APAC-Ga. v. Dept. of Transp.*, 221 Ga. App. 604, 606 (2) (472 SE2d 97) (1996). The purpose of the notice in the contract by the employee of voluntary termination "is not difficult to fathom." *State Hwy. Dept. v. Hall Paving Co.*, 127 Ga. App. 625, 628 (194 SE2d 493) (1972). Generally, notice by the employer is required under an employment contract so that the employee has an opportunity to seek other employment prior to actual termination of employment. See *King Indus. Realty v. Rich*, 224 Ga. App. 629, 630 (2) (481 SE2d 861) (1997). Likewise, here, under the contract terms, the employee was required to provide a minimum month's notice, if the client for which he was performing consulting work required it, so that the client would not feel abandoned, and the work could be salvaged by the employer timely finding a replacement without any interruption of work; such provision was to protect both the client and the employer. A contract provision requiring a specified prior notice of termination is reasonable to allow the employer to prepare for an orderly transition and enforceable through special damages resulting from a sudden quitting, and in the absence of special damages, nominal damages are recoverable. See *Belcher v. Thomson Newspapers*, 190 Ga. App. 466, 467 (379 SE2d 204) (1989). Such contract provision does not constitute a restrictive covenant, because it requires employment to continue under the contract terms for an additional minimum of a month at the client's election after notice of termination of employment. Thus, the trial court erred as a matter of law in treating such provision as a restrictive covenant that falls with other restrictive covenants.

2. Plaintiff contends that the trial court erred in finding that the entire contract was void, because the contract contained not only void restrictive covenants and a void liquidated damages clause, but also contained a severability clause. We agree.

(a) The noncompete and nonsolicitation covenant is overly broad and unenforceable. It provided:

For a period of twenty four (24) months following the completion of project, the employee unconditionally agrees to

not deal directly, indirectly, or by any other means, either individually or in association with another individual or organization, with Corporation's customer or their client to whom he is assigned for on-site consulting project.

Such provision prohibits the defendant from soliciting any customer of the plaintiff anywhere that it does business, even though the defendant has had no relationship with such customer or the customer's clients, which is an overbroad and unreasonable territory. This restriction also affects any activity of employment with a competitor, because there is no restriction to only such activity that defendant carried on for the plaintiff or that defendant carried on for the client as part of an on-site consulting project.

Where a former employee is prohibited from working in any scope or capacity of employment for a competitor of the former employer, such covenant not to compete is unenforceable as being overly and unreasonably broad. *Firearms Training Systems v. Sharp*, 213 Ga. App. 566, 567 (445 SE2d 538) (1994); *Fleury v. AFAB, Inc.*, 205 Ga. App. 642, 643 (423 SE2d 49) (1992). The former employer has no reasonable interest that must be protected by the former employee being prohibited from working in any capacity for a competitor, and such a restrictive covenant is void. See *Howard Schultz & Assoc. v. Broniec*, 239 Ga. 181, 184-185 (2) (236 SE2d 265) (1977); *Brunswick Floors v. Guest*, 234 Ga. App. 298, 300-301 (506 SE2d 670) (1998); *Harville v. Gunter*, 230 Ga. App. 198, 200 (2) (495 SE2d 862) (1998).

(b) The next covenant is against solicitation of clients, employees, or business opportunity, and such is even broader and unenforceable as to territory and nonrelationships with clients or employees:

The employee shall not, for a period of two (2) years after termination thereof, whether voluntarily or involuntarily, with or without cause, directly or indirectly, either for self or in conjunction with or on behalf, call upon, solicit, divert, take away, attempt to accept or take away: (a) any employees of the Corporation; (b) any business opportunity of the Corporation which became known to the Employee while employed by the Corporation; (c) any of the Corporation's clients; or (d) any of the Corporation's clients' clients whose identity became known to the Employee or with whom the Employee may have had contact during the course of his employment with the Corporation.

The nonsolicitation of customers covered any and all customers of the plaintiff, regardless of whether defendant had ever worked for them or had any relationship established during employment anywhere. Therefore, such provision was void as overly broad and unreasonable in territory and in absence of relationships needing protection, because the relationships were developed during the employment. See *W. R. Grace &c. v. Mouyal*, 262 Ga. 464, 465 (1) (422 SE2d 529) (1992). Further, such restrictive covenant had no definite geographic area limitations as to competition, solicitation of clients, or recruiting of employees, which also renders the covenant unenforceable for being overbroad. *Rollins Protective Svcs. Co. v. Palermo*, 249 Ga. 138, 140 (1) (287 SE2d 546) (1982); *Ceramic & Metal Coatings Corp. v. Hizer*, 242 Ga. App. 391 (529 SE2d 160) (2000); *Club Properties v. Atlanta Offices-Perimeter*, 180 Ga. App. 352, 355 (3) (348 SE2d 919) (1986).

(c) Liquidated damages are not favored when they act as a penalty, because they can be abused to coerce compliance with abusive or void noncompetition contract provisions, as in this case. See OCGA § 13-6-7; *AFLAC, Inc. v. Williams*, 264 Ga. 351, 354 (2) (444 SE2d 314) (1994); *Miazza v. Western Union Telegraph Co.*, 50 Ga. App. 521, 522-523 (1) (178 SE 764) (1935). In this case, liquidated damages were arbitrarily set at $50,000, which bears no rational relationship to actual or potential damages for any breach of contract. Further, the method to calculate special damages for the breach of contract sued for was set by contract at $10 per hour for replacement service if the employee terminated without notice for the month's period, which maximum amount would be $1,600 under the contract. In a supplemental provision of the contract, if the employee terminates employment prior to completion of an assignment, then "employee unconditionally agrees to pay for all damages as claimed by Corporation, Corporation's customer or client, including attorney fees," and such damages would include any performance penalty that such termination causes the corporation. There was no evidence that the customer, Saic, elected to have the defendant work for a month or would have made such decision. Thus, asking for liquidated damages in this case where no special damages have been pled or shown indicates that such damages were an unenforceable penalty and not intended as a true liquidated damages provision.

For liquidated damages to be recoverable under a contract, (1) injury caused by the breach must be difficult or impossible of estimation in fact and not merely contended by the contract; (2) the parties must intend to provide for damages; and (3) the sum stipulated must be a reasonable pre-estimate of the probable loss. *Oasis Goodtime Emporium I v. Cambridge Capital Group*, 234 Ga. App. 641, 644 (4) (507 SE2d 823) (1998); *Wehunt v. ITT Business &c. Corp.*, 183 Ga.

App. 560, 561 (2) (359 SE2d 383) (1987). In determining the validity of a liquidated damages provision, an important distinction must be drawn between damages that are difficult to accurately determine in monetary terms and damages which can be accurately established, although through a complicated procedure. *Thorne v. Lee Timber Products*, 158 Ga. App. 226, 227-228 (279 SE2d 521) (1981). Here, the special damages can be easily calculated as substantially less than the liquidated damages in the contract; therefore, the liquidated damages were intended to be an unenforceable penalty.

In this case, $50,000 liquidated damages for a failure to provide a month's notice when there are two other contract provisions which set forth how to accurately calculate special damages in such case constitute an unenforceable penalty. "Thus, even if we assume the liquidated damages provision is unenforceable, there would be no reason not to give effect to the severability agreement contained in the contract and enforce the contract without the liquidated damages clause. See OCGA § 13-1-8." *Chaichimansour v. Pets Are People Too*, 226 Ga. App. 69, 72 (2) (485 SE2d 248) (1997).

Notwithstanding that the liquidated damages clause is unenforceable and no special damages have been pled, defendant is not entitled to summary judgment for failure to prove any damages in this case, because in every breach of contract, a plaintiff is entitled to recover nominal damages. See OCGA § 13-6-6; *Belcher v. Thomson Newspapers*, supra at 467; *Don Swann Sales Corp. v. Parr*, 189 Ga. App. 222, 225 (2) (375 SE2d 466) (1988).

(d) Void restrictive covenants, which cannot be blue-penciled out of the contract, do not void the entire contract when the contract contains a severability clause or when other valid post-termination provisions are expected to be performed. See *Johnstone v. Tom's Amusement Co.*, 228 Ga. App. 296, 297 (1) (491 SE2d 394) (1997); *Sunstates Refrigerated Svcs. v. Griffin*, 215 Ga. App. 61, 63 (2) (449 SE2d 858) (1994). Thus, the other contract terms survive the void terms, provided that the contract is severable.

The intent of the parties determines whether the entire contract is void if one provision is void, because the entire contract is the entire consideration for both parties, or the valid provisions survive as part of multiple consideration for the parties. *Carlton v. Moultrie Banking Co.*, 170 Ga. 185, 196-197 (152 SE 215) (1930). A severability clause indicates the intent of the parties where the remainder of the contract can exist without the void portion. OCGA § 13-1-8; *Charles v. Leavitt*, 264 Ga. 160 (442 SE2d 241) (1994); *Horne v. Drachman*, 247 Ga. 802, 805-806 (2) (280 SE2d 338) (1981); *Grove v. Sugar Hill Investment Assoc.*, 219 Ga. App. 781, 785-786 (3) (466 SE2d 901) (1995); *Nat. Consultants v. Burt*, 186 Ga. App. 27, 34-35 (3) (366 SE2d 344) (1988). Thus, the remainder of the contract sur-

vives the severance of the void portions of the contract in this case. *Judgment reversed. Andrews, P. J., and Miller, J., concur.*

DECIDED MARCH 5, 2001.

*Theodore H. Lackland*, for appellant.
*Hewitt, Katz & Dumich, Robert N. Katz*, for appellee.